### 20581. CURTIS *v.* CURTIS.

Mobley, Justice. Margarete G. Curtis brought her petition in the Superior Court of DeKalb County, Georgia, alleging that she was a resident of said State and county; that the defendant, Lee R. Curtis, was a resident of Arabia; that she and the defendant were married in Germany in 1948, and separated in 1957 on account of certain cruel treatment set out in her petition; that her husband is a technical sergeant in the United States Air Force, owns a house in Orlando, Florida, jointly with her, a farm of approximately one hundred acres in Rhine, Georgia, and has money on deposit in various banks of approximately $10,000; and that she is entitled to fair and reasonable alimony for herself from the property and money aforesaid. She prayed for process, that the defendant be served by publication, that she be granted a divorce, that she "be awarded reasonable permanent alimony for the support of herself," and that she have such other and further relief as the court may deem meet and proper. The defendant was served by publication, and a judgment was entered by the Judge of the Superior Court of DeKalb County, Georgia, on December 12, 1958, granting her a divorce and further providing: "It is further ordered, adjudged and decreed that the plaintiff be and she is hereby awarded permanent alimony in the sum of $157.10 per month commencing this date and continuing until she dies or remarries, said sum to constitute a lien upon that real property owned by the defendant in Rhine, Georgia. The plaintiff is also awarded one-half undivided interest in that real property owned by the parties hereto and located in Orlando, Florida. The defendant is ordered to return to the plaintiff her china, owned by her before their marriage, to wit: One set of Rosenthal china and one set of Heisner china consisting of approximately 170 pieces."

On motion to set aside that portion of the judgment and decree quoted above on the ground that a personal judgment for alimony may not be rendered against a nonresident upon service by publication, the Superior Court of DeKalb County on May 29, 1959, entered a decree vacating and setting aside that portion of the judgment. To this judgment the plaintiff in error excepts. *Held:*

"A personal judgment for alimony may not be rendered against a nonresident defendant upon service by publication. Pennoyer *v.* Neff, 95 U. S. 714 (24 L. Ed. 565); *Hood* v. *Hood,* 130 *Ga.* 610 (61 S. E. 471, 19 L. R. A. (N. S.) 193, 14 Ann. Cas. 359). The extent of available judicial relief in reference to alimony against a nonresident defendant, who is not personally served in this State (Code § 15-202), or does not acknowledge service (§§ 81-211, 24-112), or who does not voluntarily submit to the jurisdiction of the court by appearing and pleading (§ 81-209), is confined to the seizure and utilization of such property as the defendant may own, situated within the jurisdiction of the court. *Forrester* v. *Forrester,* 155 *Ga.* 722 (118 S. E. 373); *Pendley* v. *Tumlin;* 181 *Ga.* 808 (184 S. E. 283)." *Hicks* v. *Hicks,* 193 *Ga.* 446, 447 (1) (18 S. E. 2d 754). That portion of the judgment set aside by the trial court was a personal judgment for alimony rendered against a nonresident defendant upon service by publication. Therefore, the court was without jurisdiction, and that portion of the judgment was void and was properly set aside by the trial court. The case of *Forrester* v. *Forrester,* 155 *Ga.* 722 (118 S. E. 373), relied on by the plaintiff in error, was a proceeding in equity to subject certain property to a judgment in rem of which the court had jurisdiction. The case at bar was not a proceeding in rem, nor did the Superior Court of DeKalb County have any jurisdiction of the property in Orlando, Florida, or in Rhine, Georgia, neither of which lies within DeKalb County and the jurisdiction of that court. Nor, so far as the record shows, was the personal property described in the judgment within the jurisdiction of DeKalb County.

"The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Code § 110-709. "A judgment rendered by a court without juris-

diction is a mere nullity, and may be so held wherever and whenever and in whatever way it is sought to be used as a valid judgment." *Towns* v. *Springer*, 9 *Ga.* 130 (1). See also *Zuber* v. *Zuber*, 215 *Ga.* 314 (110 S. E. 2d 370).

Judgment affirmed. All the Justices concur.

ARGUED SEPTEMBER 16, 1959—DECIDED OCTOBER 9, 1959.

*Thomas E. Moran*, for plaintiff in error.
*McFarland & Cooper*, contra.