## 23574.  JOHNSON v. JOHNSON.

MOBLEY, Justice.  1.  The Constitution of Georgia of 1945, Art. VI, Sec. XIV, Par. I (*Code Ann.* § 2-4901) provides that "divorce cases shall be brought in the county where the defendant resides, if a resident of this State; if the defendant be not a resident of this State, then in the county in which the plaintiff resides . . ." In *Harmon v. Harmon*, 209 Ga. 474 (1) (74 SE2d 75), this court in construing and applying the above quoted provision of the Constitution held: ". . . [T]hese provisions of the Constitution are mandatory, exhaustive, jurisdictional, and without qualification; hence jurisdiction in a divorce action may not be conferred upon a court in which it is wanting either by the defendant's appearance and pleading or otherwise. . . (a) [T]he essential allegations in a petition for divorce, including jurisdiction must be established by evidence, and the burden of proving such allegations rests upon the plaintiff. . . (b) . [A]nd a divorce granted by a court having no jurisdiction of the subject matter and of the parties is a nullity."

2. A petition brought by the wife against the husband in the Superior Court of Gwinnett County, praying for a divorce and custody of a minor child, which alleges that the defendant husband is a former resident of this State, but is now living in California, and that she, petitioner, "has been a resident of said State (Georgia) for six months prior to filing her suit for divorce," fails to allege facts required by Art. VI, Sec. XIV, Par. I of the Constitution of Georgia of 1945 (*Code Ann.* § 2-4901) to show that the Gwinnett Superior Court has jurisdiction, nor did the evidence show that the court had jurisdiction. It appears upon the face of the record that the Superior Court of Gwinnett County was without jurisdiction of this case. "The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." *Code* § 110-709. The judgment was void ab initio (*Jones v. Jones*, 181 Ga. 747, 753 (184 SE 271)), and since it was void the defendant would not be guilty of contempt of court for failing to pay alimony awarded by said judgment. Thus, the court erred in finding the defendant

in contempt of court for failing to pay alimony awarded by said judgment.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 11, 1966—DECIDED SEPTEMBER 8, 1966.

*Cheeley & Merritt, Reid Merritt, G. Hughel Harrison,* for appellant.