24943. SPADEA v. SPADEA.

ARGUED DECEMBER 10, 1968—DECIDED JANUARY 23, 1969—
REHEARING DENIED FEBRUARY 6, 1969.

*Parker & Parker, Richard L. Parker,* for appellant.

*Paul A. Martin, Mitchell, McClelland & Jernigan, Wayne Jernigan,* for appellee.

FRANKUM, Justice.   This case involves an appeal from a judgment of DeKalb Superior Court holding the defendant in contempt for failure to comply with previous orders of the court requiring him to pay alimony and child support to the plaintiff. The plaintiff filed suit for a divorce against the defendant in DeKalb Superior Court on December 15, 1965.   The defendant filed a timely answer and cross action, thus submitting himself to the jurisdiction of the court.   On January 19, 1966, the court passed an order which, among its other provisions, fixed temporary alimony to be paid by the defendant for support of the plaintiff and the two minor children of the parties at $90 per week.   Subsequently before any final decree was entered in the case the defendant removed to the State of Florida and filed suit for divorce there procuring service by publication on the plaintiff who made no appearance therein.   On January 31, 1967, a final decree of divorce in favor of the defendant here was rendered by the Circuit Court in Florida, and on February 7, 1967, a final decree based upon a jury verdict was rendered in the Superior Court of DeKalb County granting a divorce to the plaintiff and a judgment for accrued alimony to the date thereof in the amount of $3,207.33 and awarding the plaintiff child support in the amount of $50 per week for each child. On November 22, 1967, the plaintiff filed an application for a rule for contempt against the defendant and for other relief in the Superior Court of DeKalb County.   This application, as amended, after several continuances, came on for a final hearing before a judge of the DeKalb Superior Court on July 25, 1968, at which time the defendant was adjudged in contempt and in arrears in the amount of $7,832.33 under the aforesaid final order as of March 31, 1968.   The appeal is from that judgment.

■ The appellee has filed a motion to dismiss the appeal on the ground that the notice of appeal was not filed in due time. The judgment appealed from was rendered July 25, 1968.   The

clerk of the superior court in which the judgment was rendered has certified (the certificate being a part of the record) that the judgment was received in his office on July 26, 1968. "The filing with the clerk of a judgment, signed by the judge, constitutes the entry of such judgment within the meaning of" the Appellate Practice Act (Ga. L. 1965, pp. 18, 32; *Code Ann.* § 6-903). On August 21, 1968, the trial judge extended the time within which the defendant (appellant) could file notice of appeal "to and including the 24th day of September, 1968," which was within the time authorized by law. Ga. L. 1965, pp. 18, 21, as amended (*Code Ann.* §§ 6-803, 6-804). The notice of appeal was filed in the office of the clerk of the superior court on September 24, 1968, which was on the 60th day after the judgment was entered according to the aforesaid certificate of the clerk of the court in which it was rendered and entered. Therefore, the notice of appeal, under the facts aforesaid and the law above cited, was filed in due time, but on the last day it could have been filed. It follows that the motion to dismiss the appeal must be and is denied.

■ The full faith and credit clause of the U. S. Constitution (Art. IV, Sec. I; *Code* § 1-401) requires the courts of this State to give effect to a divorce granted in a sister State when the same is properly proved in a proceeding in which it may be relevant in this State. The plaintiff, in her application, conceded the fact of the rendition of the Florida divorce decree and, it not being attacked in any way for lack of jurisdiction in the Florida court which rendered it, or for any other reason, its validity will be recognized by the Georgia courts. However, "full faith and credit under the Constitution of the United States does not demand that support and maintenance due the wife under an order of the courts of Georgia cease when a valid divorce is granted between the parties in another State. See in this connection Estin v. Estin, 334 U. S. 541 (68 SC 1213, 92 LE 1561). Therefore, we must look to the laws of Georgia to determine this question." *Meeks v. Meeks*, 209 Ga. 588, 591 (4) (74 SE2d 861).

The case last cited was decided before the passage by the legislature of the Act approved March 24, 1965 (Ga. L. 1965,

p. 263; *Code Ann.* §§ 30-226—30-228). Section 1 of this Act provides: "Whenever any husband shall, in any foreign country or any other state of the United States of America, obtain a divorce from his wife, which said wife at the time of the filing of said divorce action was a resident of this State, and in which action the wife was served constructively and in which case the wife did not appear, plead or otherwise waive jurisdiction of the foreign court and in which she was not personally served with petition and process, the wife may, at any time subsequent to the granting of said foreign divorce decree, apply to the superior court in the county where she resides for an order and judgment for permanent alimony for the support of herself and the child or children of the parties, if any, said permanent alimony action to be filed, pleaded and tried as if no divorce decree had been entered and this she may do even though said foreign decree may be entitled to full faith and credit in dissolving the marriage: Provided, however, that if the former husband shall have become a resident of Georgia such action shall be brought in the county of his residence." This Act is clearly remedial in its purpose and is designed to remedy those situations where a husband and father has obtained a divorce in another State, thus severing the marital relationship, which, under the former law, resulted in cutting off the right of the wife to apply for and have granted an enforceable judgment for alimony. Such a statute should be given an equitable and liberal construction to accomplish its beneficent purposes. *Henderson v. Alexander*, 2 Ga. 81, 85. Applying these salutary rules of construction to the statute here before us we have no hesitancy in holding that it should be applied to the facts of this case so as to uphold the action of the trial court in holding the defendant in contempt.

The action in which the plaintiff sought alimony was commenced in DeKalb County at a time when the defendant was a resident thereof. As already stated, he appeared and filed defensive pleading in the action thus submitting himself to the court's jurisdiction in DeKalb County. DeKalb Superior Court, having once acquired personal jurisdiction over the defendant in the divorce and alimony action, did not lose it so long as

that action remained pending in that court, notwithstanding the defendant removed to Florida and there commenced another proceeding for divorce against the plaintiff. After the defendant secured a decree of divorce in Florida the relation of husband and wife between the plaintiff and the defendant no longer subsisted. Thus, as to the divorce aspect of the action pending in DeKalb Superior Court nothing remained for the court to adjudicate. However, there remained the question of permanent alimony and child support to be adjudicated. The plaintiff thereafter called the case to trial, thus making application to the court under the terms of the 1965 Act quoted above that she be awarded alimony. The court granted her application.

No question is presented by the appeal before this court as to the correctness of the trial court's computations. Only the authority of the court to enforce the payment of any alimony and child support at all covering any period of time subsequent to the rendition of the Florida divorce decree is drawn in question, and under the authority of the 1965 Act set forth above, we hold that the court did have jurisdiction to award permanent support for the minor children of the parties. It likewise being undisputed that the defendant was in arrears under the judgment sought to be enforced the trial court did not err in holding him in contempt and in requiring him to pay $7,832.33 in order to purge himself of the contempt.

*Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

FRANKUM, Justice. Appellant contends that this court in rendering its decision overlooked the provisions of § 2 of the 1965 Act (Ga. L. 1965, pp. 263, 264; *Code Ann.* § 30-227) which reads as follows: "The procedure herein provided for shall not be available for the support of any child or children whose custody and support was legally adjudicated in the foreign court, unless custody of such child or children shall subsequently be awarded to the wife by a court having jurisdiction of the parties." We did not overlook this provision of the law which is an integral part of the Act upon which our ruling was chiefly based. It is true that the decree which the defendant obtained

in Florida contained a provision awarding $25.25 per week for the support of the minor children of the parties whose custody was in the plaintiff in Georgia at the time. However, the record shows, and no contention is made to the contrary, that the plaintiff was not personally served with process in the Florida proceeding; that she merely received a copy of the complaint in the mail; and that she made no appearance and filed no defensive pleadings in that case. The Florida court, therefore, never acquired jurisdiction over her person so as to bind her with its decree respecting support. Estin v. Estin, 334 U. S. 541 (68 SC 1213, 92 LE 1561); Vanderbilt v. Vanderbilt, 354 U. S. 416 (77 SC 1360, 1 LE2d 1456). See also 27B CJS 866, Divorce, § 374. It follows that the section of the Act relied upon by the appellant is not applicable to the facts of this case.

*Rehearing denied. All the Justices concur.*