26351.   KOPEL v. GOULD.

ARGUED MARCH 9, 1971—DECIDED APRIL 8, 1971—
REHEARING DENIED APRIL 22, 1971.

*Charles J. Driebe,* for appellant.

*Carnes & White, James A. White, Jr.,* for appellee.

FELTON, Justice. ■ The trial court did not abuse its discretion in ordering the retention of permanent custody by the defendant

mother. There was evidence adduced on the hearing that the defendant was a fit mother who adequately provided for the needs of the child and, on the other hand, that the plaintiff had on occasions beat both the defendant and the child and that the child's behavior and personality had noticeably regressed following each visit with the plaintiff father.

Regarding the defendant's alleged deprivation of the plaintiff's visitation rights, there was evidence that after she moved out of Alabama she gave the plaintiff an Atlanta post office box at which she could be reached, that later on she had given her attorney her husband's business address, and that she had an unlisted telephone and did not reveal her residence address out of fear of the plaintiff, who had beat her and her child. The evidence shows that the defendant allowed the plaintiff two weeks of visitation each summer as required by the *original* divorce decree.

■ The trial court did not err in not conforming its order exactly to the alleged 1969 modification of the Alabama divorce decree. If a duly authenticated copy of the said alleged modification order, showing the jurisdiction of the Alabama court over the parties, had been offered in evidence, as was done in the case of *Patterson v. Patterson,* 208 Ga. 7 (64 SE2d 441), but which was not done in the present case, the Georgia courts, under the ruling in the *Patterson* case, would be under a duty to accord prima facie validity to said Alabama order; even then, however, the wife would have the right to collaterally impeach the order, as she did here, on the ground of lack of personal jurisdiction. The defendant's defense of jurisdiction over her person as to the alleged modification hearing put the burden of proof as to the Alabama court's jurisdiction on the plaintiff. Counsel for plaintiff merely stated that the defendant was present in the State of Alabama at the time the application for modification was filed. In support of the defendant's plea, however, there was evidence that she had moved to Georgia on July 16, 1969, that she was not present at the alleged modification hearing on November 7, 1969, and that she had had no notice of such hearing. Although the provision of such alleged modification order dealing with visitation rights was quoted in the Alabama court's order of June 16, 1970, there is no proof of service of said 1969 order in the record. Hence, the plaintiff failed to carry his

burden of proof of the validity of the alleged modification; therefore, the court was not obligated to give full faith and credit thereto.

Furthermore, aside from the disposition of the permanent custody issue, which we have held hereinabove to have been authorized by the evidence, the trial court's order granted broader, specific visitation rights than did the original decree, which only provided for "reasonable" visitation including two weeks in the summer (a comparison with the provisions of the alleged modification order would not be fair, since, as we have stated, it was properly not considered). Nor was the Georgia court bound to give full faith and credit to the June 16, 1970, Alabama decree, inasmuch as it was merely a contempt decree, incorporating and purporting to enforce the provisions of the alleged 1969 modification order. The defendant wife's plea to the jurisdiction as to the 1969 order also reaches the order finding her in contempt thereof and the 1970 contempt order could not have the effect of binding the parties to the incorporated provisions of the 1969 order as of the date of the 1970 order, because this would be binding the parties without allowing the defendant the hearing to which she was entitled (and which, according to her plea to the jurisdiction, she never had prior to the 1969 order).

The enumerated error on the admission of evidence as to events occurring prior to the divorce decree, is not argued, hence deemed abandoned. Even if it was valid, moreover, there was adequate evidence to authorize the order complained of.

The trial court did not err in entering the order appealed from.

*Judgment affirmed. All the Justices concur.*