## 54351. BENEFIELD v. HARRIS.

QUILLIAN, Presiding Judge.

This appeal is from the judgment of the trial court in favor of a wife who sought to domesticate an Alabama divorce decree which awarded her alimony against her husband, the defendant, who is now resident in Georgia. The husband denied the Alabama decree set up any valid claim as it was void on its face by citing that "personal service by registered mail" was perfected upon him. Trial was held before the judge and he domesticated the foreign divorce decree and ordered the husband to pay the sum of $10,800, with interest and court costs. Defendant appeals. We reverse. *Held:*

1. Suit on a foreign judgment for alimony is an action on a debt of record and appellate jurisdiction is in the Court of Appeals. *Johnson v. Johnson,* 223 Ga. 147 (154 SE2d 13).

2. The Full Faith and Credit Clause of the U. S. Constitution (Art. IV, Sec. I; Ga. Code § 1-401) requires the courts of this state to give effect to a divorce decree of a sister state when properly proved. *Spadea v. Spadea,* 225 Ga. 80, 82 (165 SE2d 836). A divorce decree granted by a state to one of its domiciliaries is entitled to full faith and credit in another state even though the other spouse is given notice only through "constructive service." Williams v. North Carolina, 317 U. S. 287 (63 SC 207, 87 LE 279). However, even though the divorce decree is entitled to full faith and credit insofar as it affected the marital status, it would be ineffective as to a nonresident on the issue of alimony — an in personam judgment (*Slowik v. Knorr,* 222 Ga. 669, 671 (151 SE2d 726)), unless there was personal service. International Shoe Co. v. Washington, 326 U. S. 310 (66 SC 154, 90 LE 95); accord, *Curtis v. Curtis,* 215 Ga. 367, 368 (110 SE2d 668).

In International Shoe Co., p. 316, the Supreme Court held: "Historically the jurisdiction of courts to render judgment *in personam* is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him."

In the second case of Williams v. North Carolina, 325

U. S. 226, 229 (65 SC 1092, 89 LE 1577) the court stated that "[a] judgment in one State is conclusive upon the merits in every other State, but only if the court of the first State had power to pass on the merits — had jurisdiction, that is, to render the judgment." Thus, this state is authorized to inquire into the question of whether the original state had jurisdiction over the defendant before the Alabama judgment would be entitled to full faith and credit. *Gordon v. Gordon,* 237 Ga. 171 (1) (227 SE2d 53); *Dropkin v. Dropkin,* 237 Ga. 768, 771 (229 SE2d 621).

Our only reference point is the entry, "personal service by registered mail." The term itself appears to be contradictory, if not a non sequitur. If personal service was made upon the defendant why was not the summons and complaint handed to him? Why was it necessary to use "registered mail?" There was a time lapse from 1963 to 1976 between the divorce and this action and neither side attempted to establish the domicile of the defendant on the date of service in the original divorce action. No Alabama law was introduced upon the subject of whether "personal service" was perfected upon the defendant. Therefore, the presumption is that Alabama law is the same as Georgia law and we will apply the law of Georgia. *Ferster v. Ferster,* 220 Ga. 319, 322 (138 SE2d 674); *Glover v. Sink,* 230 Ga. 81, 82 (195 SE2d 443).

The Civil Practice Act permits personal service upon a person to be made only upon "the defendant personally," with some exceptions not here applicable. Code Ann. § 81A-104 (d) (Ga. L. 1966, pp. 609, 610, as amended through 1972, pp. 689, 692). One exception is upon the individual who is "a resident of this State" who is "outside the State" and in the instance personal service is made by " delivering a copy of the process together with a copy of the complaint *in person* . . ." (Emphasis supplied.) Code Ann. § 81A-104 (e) (2), supra.

There are two obvious alternative service requirements — one for the resident, and the other is for the nonresident defendant, in in personam actions for alimony — which includes child support in this instance. We can quickly dispense with the nonresident issue. The courts of this state have no extra-territorial jurisdiction

and can not subject the citizens of foreign states to our civil process, or conclude them by a judgment in personam, without their consent. *Roberts v. Roberts,* 219 Ga. 741, 742 (135 SE2d 880). A personal judgment for alimony can not be rendered against a nonresident defendant by substituted service. *Curtis v. Curtis,* 215 Ga. 367, 368, supra.

As stated above, if the defendant was a resident, personal service by registered mail would not be legally effective, under the CPA. Our Constitution is in agreement. Under the 1945 Constitution, in effect at the time of these actions, Art. VI, Sec. XIV, Par. I (Code Ann. § 2-4901) provides that "[d]ivorce cases shall be brought in the county where the defendant resides, if a resident of this state . . ." See *Johnson v. Johnson,* 222 Ga. 433 (1) (150 SE2d 684). "Service of process in commencing a suit . . . can not be perfected by service by the sheriff on one described as the attorney of the defendant, in lieu of serving the defendant himself, it appearing that he has a legal residence in this State where service can be perfected on him; nor in such a case can the presiding judge, by order, authorize service to be made by serving such attorney and by sending a copy by registered mail to the defendant, although he may be absent from the State on business for an indefinite time." *Stallings v. Stallings,* 127 Ga. 464 (4) (56 SE 469). "A personal judgment for alimony can not be rendered against a non-resident, or a resident absent from the State, based upon service by publication, even though the act of the defendant in leaving the State may have been for the purpose of evading his obligation to support his wife and children. The extent of available judicial relief in such case in reference to alimony is confined to the seizure and utilization of such property as the defendant may own in this jurisdiction." *Hicks v. Hicks,* 193 Ga. 446 (1) (18 SE2d 754); accord, *Anthony v. Anthony,* 237 Ga. 753, 754 (229 SE2d 609).

Accordingly, we hold that alimony is an in personam issue (*Slowik v. Knorr,* 222 Ga. 669, 671, supra), and under Alabama law — which is presumed to be the same as Georgia absent the introduction of Alabama law (*Ferster v. Ferster,* 220 Ga. 319, 322, supra), alimony ad-

judication requires personal service (*Curtis v. Curtis,* 215 Ga. 367, 368, supra), and any form of "substituted" service will not suffice (*Stallings v. Stallings,* 127 Ga. 464 (4), supra; *Hicks v. Hicks,* 193 Ga. 446 (1), supra; *Slowik v. Knorr,* 222 Ga. 669, 671, supra), as it is not "personal service" (Code Ann. § 81A-104 (d) and (e) (2), supra). Accordingly, the Alabama decree showing on its face that personal service was not perfected upon the defendant, the Alabama decree is not entitled to full faith and credit in this state. *Boggus v. Boggus,* 236 Ga. 126, 129 (223 SE2d 103).

Furthermore, as the entry of "personal service by registered mail" has been interpreted — under Georgia law, in the absence of Alabama law, to raise the issue of lack of jurisdiction over the defendant, this court has held that "[t]he court did not err in failing to give full faith and credit to an . . . Alabama divorce decree by the Alabama court *where the defense of lack of jurisdiction over the person was filed and the plaintiff failed to carry his burden of proof of jurisdiction." Kopel v. Gould,* 227 Ga. 487 (2) (181 SE2d 361). Although *Kopel* is the converse of this case on the facts, the same rule applies. The issue of lack of jurisdiction was raised and the plaintiff failed to carry his burden of proof of jurisdiction. We will accord full faith and credit to a foreign decree only when "properly proved." *Spadea v. Spadea,* 225 Ga. 80, 82 (2), supra. The trial court erred in domesticating the Alabama decree.

3. A second reason appears for reversal. Defendant's counsel directed the court's attention to the entry of "personal service by registered mail" and stated: "Georgia does not recognize personal service by registered mail as a means to obtain pursuant [sic] jurisdiction." The court ruled that "if its legal and proper in that state then Georgia will have to give full faith and credit to the Alabama statute. . ." This is an incorrect statement of the law.

In Estin v. Estin, 334 U. S. 541, 543, 549 (68 SC 1213, 92 LE 1561), the U. S. Supreme Court held that "while the finding of domicile by the court that granted the decree is entitled to *prima facie* weight, it is not conclusive in a sister State but might be relitigated there. . .The Nevada

decree is an attempt to exercise in personam jurisdiction over a person not before the court. That may not be done... "A judgment of a court having no jurisdiction to render it is not entitled to the full faith and credit which the Constitution and statute of the United States demand." Our Supreme Court is in full accord. They held in *Boggus v. Boggus,* 236 Ga. 126, 129, supra, "[i]t is well settled however that personal jurisdiction is necessary before a judgment from a foreign jurisdiction will be given full faith and credit."

The trial court incorrectly concluded that he was bound to accord full faith and credit to the Alabama decree when in fact he is authorized to inquire into the legality of the Alabama decree in accordance with Alabama law, and in the absence of Alabama law by applying the law of Georgia. *Ferster v. Ferster,* 220 Ga. 319, 322, supra; *Glover v. Sink,* 230 Ga. 81, 82, supra. Secondly, if there is Alabama law on the subject the trial court may inquire to see if such procedure "meet the requirements of due process..." Milliken v. Meyer, 311 U. S. 457 (61 SC 339, 85 LE 278).

*Judgment reversed. Shulman and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 14, 1977 — DECIDED OCTOBER 7, 1977 — REHEARING DENIED NOVEMBER 3, 1977 — 

*Leonard N. Steinberg, Paul E. Cormier,* for appellant.

*Richard G. Pechin,* for appellee.