## 35878. GILBERT v. GILBERT.

NICHOLS, Justice.

Anna Faye Gilbert filed an application for contempt against Donnie W. Gilbert in the Superior Court of Muscogee County alleging failure to pay child support. The trial court found him in wilful contempt. This court granted his application.

The parties were divorced in Muscogee County and Donnie was ordered to pay $150 per month as child support. Thereafter, they resumed cohabitation and moved to Alabama. They again separated and Anna Faye filed suit for divorce in Alabama, where they then lived,

alleging a common law marriage. They filed in the Alabama case an agreement as to child custody, child support of $100 per month and property division, and a hearing was held on the issue of divorce. The Alabama court found that the parties only had agreed to live together and at some future date to remarry; therefore, that no common law marriage existed. The Alabama court made the agreement of the parties as to child custody and support the judgment of the court, ordering that the $100 per month child support be paid through the adult probation officer beginning August 1972.

Anna Faye brought this contempt citation in Muscogee Superior Court to enforce the Georgia decree. The trial court found that the Alabama court was without jurisdiction to modify the child support award and that Donnie was in arrears in a certain amount under the Georgia decree. The court found Donnie in wilful contempt and ordered him to pay the arrearage in a certain manner.

1. Donnie enumerates as error the trial court's holdings that Alabama did not have jurisdiction to modify the Georgia decree and that he was in wilful contempt of the Georgia decree.

The petition filed in the Alabama divorce action shows on its face that both parties were legal residents of that state at the time. Anna Faye concedes that the Alabama court had in personam jurisdiction over the parties. The courts of Georgia will recognize and give effect to the Alabama consent decree regarding child support as a matter of comity because jurisdiction of the Alabama court over the parties is conceded. *Kopel v. Gould,* 227 Ga. 487 (181 SE2d 361) (1971); *Blue v. Blue,* 243 Ga. 22 (252 SE2d 452) (1979). Properly construed and applied, Code Ann. § 30-225.1 (a) is inapplicable in this case because the Alabama court exercised jurisdiction after the parties no longer were domiciled in Georgia. Similarly, Code Ann. § 30-225.1 (b) is inapplicable because its seemingly absolute prohibition against enforcement by Georgia courts of foreign judgments modifying Georgia permanent alimony judgments must be construed as being limited to those situations in which the party against whom the permanent alimony

judgment was rendered remains domiciled in this state. *Blue v. Blue,* supra. The trial court erred in finding that the Alabama court lacked jurisdiction to modify the Georgia decree.

2. The remaining enumerations of error are mooted by the ruling in Division 1 because the arrearage must be recomputed.

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 11, 1980 — DECIDED APRIL 22, 1980.

*Nelson C. Coffin,* for appellant.

*Keil, Davis, Harp & Zimmerman, Beverly R. Keil, Steven D. Smith,* for appellee.