64772. EARLEY v. EARLEY.

CARLEY, Judge.
Appellant-defendant and appellee-plaintiff in the instant garnishment action were divorced in Muscogee County, Georgia on January 25, 1973. With regard to their only child, the divorce decree provided that appellee was to have legal custody and appellant was to pay $400 per month in support. Subsequently, appellant moved to Kentucky and appellee moved to California.

In April of 1980, appellee initiated proceedings against appellant pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA) by filing a petition in the appropriate California court. The URESA petition was transmitted to the District Court of Hardin County, Kentucky. Appellant responded to the petition and raised by way of defense the following: Accord and satisfaction; payment; release; waiver; and, estoppel. A hearing was held in the Kentucky court wherein it was shown that appellant's defenses to the URESA petition were premised upon the existence of two written agreements between himself and appellee. In March of

1976, the parties entered into an extrajudicial agreement whereby appellant agreed to send $100 every month for child support and appellee agreed that "all court action [would be] completely stopped." Also, in July of 1979, the parties entered into another "custody and child support agreement," which was filed with the clerk of the Superior Court of Muscogee County but which was not approved by any judge thereof. This document, among other things, purported to relieve appellant of any responsibility for child support so long as the child was not in his actual physical custody. The URESA court in Kentucky, taking note of the two agreements, made findings of fact and reached the following conclusions of law: "In view of the written agreements, actual payments, and the time periods which the [appellant] had the actual physical custody of the parties' infant child . . . the [appellant] . . . is not, as of this date, in arrearage for child support due to the [appellee] . . . in any amount . . . The [appellee] . . . shall be entitled to pursue modification of the custody and child support agreement dated July 27, 1979 . . . in any appropriate court, in accordance with the terms . . . and conditions of said agreement or applicable law." Appellee's URESA petition was consequently dismissed with prejudice and appellee did not appeal the Kentucky court's ruling in this regard.

Subsequently, however, in October of 1981, appellee filed the instant continuing garnishment action in the Superior Court of Muscogee County, based upon appellant's alleged arrearage on his $400 monthly obligation for child support payments as mandated by the original divorce decree. Appellant filed a traverse which, insofar as is relevant here, was premised entirely upon the previous order of the Kentucky court in the URESA action. At the hearing on his traverse, appellant introduced into evidence a copy of the Kentucky court's order. The trial court overruled the traverse and authorized the distribution to appellee of such monies as the garnishee had answered into court. It is from this final order that appellant appeals.

Appellee's garnishment action is predicated upon a Georgia judgment for child support. Code Ann. § 46-403 provides the grounds upon which a post-judgment garnishment may be traversed. Pursuant to Code Ann. § 46-403 (a), appellant's traverse was a challenge to the amount claimed by appellee as being due but unpaid under the Georgia judgment. This was done through appellant's assertion that there could be no arrearages on the Georgia judgment because it no longer was viable as establishing his child support obligation, having been superseded, according to the Kentucky court, by the parties' subsequent agreements in that regard. Appellant's sole contention on appeal is that, in overruling his traverse to appellee's garnishment proceedings, the trial court erred in failing to

give full faith and credit under the United States Constitution, Art. IV, Sec. I (Code Ann. § 1-401) to the final judgment of the District Court of Hardin County, Kentucky holding that he was not in arrears on his child support obligation.

Being an award of child support, the underlying Georgia judgment is res judicata as to the amount appellant would be judicially obligated to pay until and unless one of two events has occurred: Either the judgment has been modified pursuant to proceedings instituted under Code Ann. § 30-220 et seq. ( *Roberts v. Mandeville,* 217 Ga. 90 (121 SE2d 150) (1961)) or appellant's financial obligation thereunder has been modified by a foreign court having jurisdiction to do so. *Gilbert v. Gilbert.* 245 Ga. 674 (266 SE2d 490) (1980).

It is clear that the extrajudicial agreements concerning child support payments entered into by appellant and appellee subsequent to the Georgia decree would not be recognized by the courts of this state as a viable modification of appellant's obligation for support payments otherwise established by that judicial decree. See *Corriher v. McElroy,* 209 Ga. 885, 886 (1) (76 SE2d 782) (1953). Accordingly, the only issue in the instant case is whether the Kentucky URESA order was a valid modification of the prior Georgia award of child support and entitled as such to full faith and credit in this state.

"[I]t is hornbook law that lawfully obtained judgments of the court of one state, when sued on or pleaded or introduced in evidence in another state are entitled to receive the same full faith, credit and respect that they are accorded in the state where rendered. [Cits.]" *Flagship Builders v. Sentinel Star Co.,* 143 Ga. App. 624, 625-626 (239 SE2d 235) (1977). "Under the full faith and credit clause of the United States Constitution . . . a judgment of a foreign court will be enforced by the courts of this state unless it is shown that the foreign court lacked jurisdiction of the person or subject matter or that the judgment was procured by fraud. [Cit.]" *Dropkin v. Dropkin,* 237 Ga. 768, 770-771 (229 SE2d 621) (1976).

Since no evidence as to Kentucky law was introduced, it will be presumed to be the same as Georgia law. Code Ann. § 81A-143 (c); *Glover v. Sink,* 230 Ga. 81 (195 SE2d 443) (1973). It appears that the Kentucky URESA order in and of itself cannot be construed as, and therefore was in fact not, a judicial modification of the Georgia judgment for child support. "Any order of support by a court of this State when acting as a responding State shall not supersede any previous order of support issued in a divorce or separate maintenance action . . ." Code Ann. § 99-927a. "Thus, the [Kentucky] URESA order did not supersede the [Muscogee] divorce decree ordering child support; and by the same token, the URESA order did not constitute

a modification of the [Muscogee] support order . . . *" Ray v. Ray,* 247 Ga. 467, 469 (277 SE2d 495) (1981). "The purpose of URESA is to improve and extend the enforcement of duties of support. Code Ann. § 99-902a. 'Duties of support applicable under [URESA] are those imposed or imposable under the laws of any State where the obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding State during the period for which support is sought until otherwise shown.' Code Ann. § 99-907a. Thus where the URESA obligor was present in [Kentucky] during the relevant time, it is the laws of [that] state regarding the duties to support that are at issue." *Bisno v. Biloon,* 161 Ga. App. 351, 352 (291 SE2d 66) (1982). Accordingly, it would appear from the relevant statutes that the Kentucky URESA order was, at most, merely a judicial determination that, *under the laws of that State,* there was not an enforceable duty of support. As such, as-suming there to be no jurisdictional problems, the Kentucky URESA order would be entitled to full faith and credit insofar as it established that, under the evidence submitted to the Kentucky court, there was no duty to support enforceable against appellant in Kentucky. In the instant proceeding, however, appellee is not seeking to enforce a Kentucky duty of support. What she seeks is the use of the process of garnishment to collect arrearages on a Georgia judgment which is res judicata until it has been judicially modified. A mere determination in the context of a URESA proceeding — wherein there can be no order superseding a previous order of support issued in a divorce action — that Kentucky will not recognize an existing duty of support enforceable against appellant because of the parties' previous agreements is not the same as an independent determination on the issue of child support which is sufficient in and of itself to supersede and modify a prior judicial award of support. Compare *Blue v. Blue,* 243 Ga. 22 (252 SE2d 452) (1979); *Gilbert v. Gilbert,* supra. The Kentucky URESA order simply is not a su-perseding modification of appellant's child support obligation as evidenced by the Georgia judgment.

However, even assuming that the Kentucky URESA order could itself be construed as an attempted "modification" of appellant's financial obligations for child support under the Georgia decree, it would not be entitled to full faith and credit as such. This is true because the Kentucky court lacked the requisite jurisdiction to enter such an order. A Kentucky court would be required to have in personam jurisdiction over appellee in order to modify the Georgia award of child support. See *Gilbert v. Gilbert,* supra. However, again presuming Kentucky law to be the same as Georgia's, Code Ann. § 99-928a provides: "Participation in any proceedings under this

[URESA] Chapter shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding." " 'The statute (Code Ann. § 99-928a) precludes counterclaims based merely on the theory that the plaintiff, by initiating the procedure on behalf of the named dependents, has submitted to the jurisdiction of the court of the responding state for other purposes.' [Cit.]" *Register v. Kandlbinder,* 134 Ga. App. 754 (216 SE2d 647) (1975). ". . . Code Ann. § 99-928a provides a nonresident petitioner immunity from the jurisdiction of the responding state's courts if the URESA procedures have been invoked for its legitimate ends — the enforcement of the duties of support." *Balasco v. County of San Diego,* 140 Ga. App. 482, 485 (231 SE2d 485) (1976). Thus, to the extent that appellant's defensive pleadings could be construed as a counterclaim for modification of the existing Georgia judgment and to the extent that the Kentucky order itself could be construed as an attempted modification of the Georgia judgment rather than a mere determination of the non-existence of an imposable Kentucky duty to support, the order is not entitled to full faith and credit because the Kentucky court was without the requisite personal jurisdiction over appellee to render such an order. *Thibadeau v. Thibadeau,* 133 Ga. App. 154 (210 SE2d 340) (1974); *Register v. Kandlbinder,* supra.

The trial court did not err in refusing to give full faith and credit effect to the Kentucky URESA order so as to establish the nonexistence of any arrearages on the Georgia judgment for child support. Appellant's traverse was not erroneously overruled.

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED FEBRUARY 2, 1983 —
REHEARING DENIED FEBRUARY 21, 1983.

*Joey M. Loudermilk,* for appellant.
*Steven D. Smith,* for appellee.