## 68264. WILSON v. MILLS.

(323 SE2d 251)

McMurray, Chief Judge.

Joan M. Wilson (now Joan M. Mills) on November 9, 1981, while a resident of the State of Colorado (for at least 90 days) brought suit against Lamar D. Wilson, her then husband, for divorce and marital property settlement, as well as maintenance alleging that Wilson at that time was a resident of the State of Wyoming. He was duly served with the complaint in Wyoming on December 16, 1981, but did not file an answer to the complaint inasmuch as the State of Colorado did not have a long arm statute providing for jurisdiction in domestic relations cases at that point in time. Ms. Wilson's counsel filed a request for continuance relative to the Colorado complaint on the grounds that personal service in Colorado was not effectuated, that prejudice shall not inure to Ms. Wilson and she anticipated dismissal and refiling in Wyoming. The trial court being advised as to the circumstances continued the case on May 11, 1982, provided that action be taken within six months.

In 1982 the State of Colorado amended its long arm statute to provide for personal jurisdiction over non-residents in a cause of action arising from maintenance of a matrimonial domicile within the state "with respect to all issues relating to obligations for support to children and spouse in any action for dissolution of marriage, legal separation . . . if one of the parties of the marriage continues without interruption to be domiciled within the state." Ms. Wilson did not dismiss her Colorado complaint and on August 23, 1982, she had the defendant again served by a deputy sheriff of Fremont County, Wyoming. The defendant Mr. Wilson did not file an answer or make an appearance but later received notice of final hearing as to the suit. The Colorado court on January 4, 1983, nunc pro tunc to December 7, 1982, based upon evidence submitted, found it had personal jurisdiction over the parties, that the marital domicile of the parties was the State of Colorado and the court had jurisdiction over all matters relating to and emanating from the marriage. The court held the evidence showed the marital property of the parties to have a market value of approximately $30,000. The court therein concluded that Ms. Wilson's share of the marital property amounted to $13,000 and granted judgment to her for that amount. The court further decreed that said sum of $13,000 represented settlement and division of marital property; that if for any reason the court should be deemed to lack jurisdiction for the court's order, the court reserved jurisdiction over the property and alternatively entered judgment in favor of Ms. Wilson and against Mr. Wilson for $13,000, "said sum constituting lump sum maintenance as provided" in the Colorado statute.

On June 8, 1983, Joan M. Mills, formerly known as Joan M. Wil-

son, brought an action in the Superior Court of Gordon County, Georgia to domesticate the judgment of the District Court of Routt County, State of Colorado, in the amount of $13,000 with a certified copy of same attached to the pleadings contending Mr. Wilson has refused and continues to refuse to pay her this sum. She also attached thereto certain interrogatories and a notice for record of lis pendens with reference to certain real property located in Gordon County, Georgia.

On July 7, 1983, Mr. Wilson answered in substance denying the complaint but admitting only jurisdiction. He also added a defense that the Colorado court lacked jurisdiction of his person as he was a resident of the State of Wyoming at that time and therefore the judgment was void.

The case proceeded to trial in which the above findings of fact were set forth with reference to the $13,000 judgment obtained in the State of Colorado as based upon the recently amended Colorado domestic relations long arm statute. The Superior Court of Gordon County held as a matter of law based upon copies of the Colorado long arm statute that it was applied prospectively with regard to the defendant Mr. Wilson who was served after the effective date of the amendment thereto which applied to jurisdiction of the parties "if one of the parties of the marriage continues without interruption to be domiciled within the state," with service to be accomplished personally as to the non-resident under the long arm statute. The court then held it would have been a useless act for the plaintiff Ms. Wilson to have dismissed the action previously filed and refile it under a different number and then serve Mr. Wilson. The court held that at the time Mr. Wilson was validly served, "the Colorado long arm statute was in effect and nothing occurred in the action prior to that time which prejudiced any right [Mr. Wilson] may have had." Whereupon the superior court, by amendment, domesticated the foreign judgment of the District Court of Routt County, Colorado, giving it full faith and credit, and granted judgment in favor of the plaintiff Joan M. Mills and against the defendant Lamar D. Wilson in the amount of $13,000. The defendant appeals contending the Georgia court erred in holding the Colorado long arm statute was being applied prospectively with regard to the defendant in that he was again served after the effective date and in holding that he was not prejudiced by the enacted amendment of the Colorado long arm statute and in domesticating the foreign judgment of $13,000 which was not valid. *Held*:

The defendant contends that the Colorado statute was applied retroactively affecting substantive rights inasmuch as the Colorado divorce, property settlement and maintenance actions were filed in the Colorado court prior to the amended long arm statute which made this defendant subject to personal jurisdiction of the Colorado court;

that he was served by substituted service originally and did not file any pleadings or appear in the Colorado court, although admitting he was thereafter served with said summons and complaint under the long arm statute, citing *Benefield v. Harris*, 143 Ga. App. 709 (240 SE2d 119), in support of this argument. He contends this court reversed in a similar case in which personal service was obtained upon a defendant by registered mail. We do not agree that case is controlling as the defendant here in the case sub judice was served personally under the long arm statute of the State of Colorado and the Colorado court obtained jurisdiction of his person. Here the Georgia court inquired into the legality of the Colorado decree and in accordance with the Colorado law, which the court examined, and concluded that the Georgia courts were bound to accord full faith and credit to the Colorado decree. See in this connection Intl. Shoe Co. v. State of Wash., 326 U. S. 310, 316-317 (66 SC 154, 90 LE 95); Hoen v. Dist. Court, County of Arapahoe, 159 Col. 451 (412 P2d 428); Cox v. Dist. Court, City & County of Denver, 160 Col. 437 (417 P2d 792); Stewart v. Public Employees' Retirement Assn., __ Col. __ (612 P2d 1141) (1979); Continental Title Co. v. Dist. Court, City & County of Denver, __ Col. __ (645 P2d 1310) (1982). See also *Crosby v. Wenzoski*, 164 Ga. App. 266, 268-270 (1), 270-271 (2) (296 SE2d 162). Accordingly, the enumerations of error are not meritorious.

*Judgment affirmed. Sognier, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED OCTOBER 9, 1984.

*Eugene F. Edge*, for appellant.
*Michael R. Eddings*, for appellee.