A93A0391. LEWIS v. SOUTHERN GENERAL INSURANCE COMPANY.

(433 SE2d 80)

ANDREWS, Judge.

Lewis appeals the dismissal of his complaint against Southern General Insurance Company ("Southern").[1]

Lewis, acting pro se, alleged in the second count of his complaint that Southern failed to pay his insurance claim for damage to his car when "someone cut the tires . . . while the vehicle was parked" on January 19, 1991. After Southern filed its answer alleging insufficiency of service of process and lack of jurisdiction over Southern, Lewis filed his affidavit and return of service contending that service had been effected by certified mail, pursuant to OCGA § 9-11-4 (i).

Lewis contended that coverage was provided under Section D, comprehensive coverage because, by virtue of the "movement" of the car caused by the air escaping from the tires, the car had been momentarily "stolen" and was covered. Southern contended that coverage for this event was excluded by the following language: "Car Damage Coverage does not apply to loss: . . . (8) To tires unless damaged by fire or stolen. . . ."

On March 23, 1992, Southern filed both a motion to dismiss for insufficiency of service of process and a motion for summary judgment based on the language of the exclusion. The court held that the attempted service by certified mail on Southern, a domestic corpora-

---

[1] While the third enumeration and corresponding brief, filed by Lewis, pro se, also address claims against the City of Atlanta which were the subject of his first claim alleging an entirely different matter, no legal service is reflected on the city, no appearance was made by it, and no final judgment or other appealable order as to the city is contained in the record, therefore, there is nothing for us to consider regarding the third enumeration of error.

tion, was insufficient as a matter of law pursuant to OCGA § 9-11-4 (d) (1). Additionally, the court granted summary judgment to Southern on the exclusion issue.

1. The second and fourth enumerations address the dismissal for insufficiency of service and will be addressed together. Lewis contends service was sufficient because provided for by OCGA § 9-11-4 (i) (alternative means of service); OCGA § 9-10-73 (dealing with a formal acknowledgment of service and waiver of process by a party or counsel) and OCGA § 33-5-34 (dealing with service on foreign surplus line insurers).

OCGA § 33-5-34 does not apply to a domestic primary insurer and further does not provide, even in that situation, for an "alternative manner" of service by certified mail, only an "alternative recipient." *Cheshire Bridge Enterprises v. Lexington Ins. Co.*, 183 Ga. App. 672, 673 (1) (359 SE2d 702) (1987). " '[S]ervice upon the Commissioner must be perfected in a manner which would be proper if service were made upon a designated agent for service of process.' [Cits.]" Id.

"The attempted service [by certified mail] was ineffective, . . . and, [the fact] that [Southern] acknowledged receipt of the originally mailed process is immaterial, as the fact he acknowledged receipt in connection with an attempted but invalid service does not suffice to afford the required notice of the action or dispense with valid service. [Cit.] Acknowledgment of service, without an express waiver of process, does not constitute a waiver of valid service of process. [Cit.]" *Bailey v. Hall*, 199 Ga. App. 602, 604 (2) (405 SE2d 579) (1991).

Since there had been no waiver of this defense by Southern, compare *Marsh v. Wright Mem. Mortuary*, 197 Ga. App. 736, 737 (1) (399 SE2d 232) (1990) with *Wheeler's, Inc. v. Wilson*, 196 Ga. App. 622 (396 SE2d 790) (1990), the court's granting of the motion to dismiss for insufficiency of service was proper.

2. The fifth enumeration contends that it was error to grant the summary judgment. While the enumeration and argument are somewhat inartfully phrased, we read them to contest the validity of the judgment entered and address them.

Since the defenses addressed supra were not waived by Southern but were affirmatively pursued and since such matters are inappropriate for consideration by means of a motion for summary judgment, *Hight v. Blankenship*, 199 Ga. App. 744, 745 (406 SE2d 241) (1991), the court's ruling on the motion for summary judgment was premature and must be vacated. Id.; see also *Fire & Cas. Ins. Co. v. Spell*, 183 Ga. App. 675, 677 (359 SE2d 705) (1987).

3. The matter addressed by the first enumeration, referral to arbitration, is moot and will not be further addressed.

*Judgment affirmed in part and reversed in part. Pope, C. J., and*

*Birdsong, P. J., concur.*

DECIDED JUNE 8, 1993 —
RECONSIDERATION DENIED JUNE 28, 1993.

Thomas G. Lewis, *pro se.*
*Wetzel & Carroll, Michael L. Wetzel,* for appellee.