**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**July 1, 2021**

# In the Court of Appeals of Georgia

A21A0148. CRISPIN et al. v. STATE OF GEORGIA.

HODGES, Judge.

In this in rem forfeiture action,[1] we are initially asked to decide whether a forfeiture complaint should be dismissed if a bench trial is not held within 60 days of service of process of some — but not all — owners and interest holders of the assets to be forfeited. Based upon the unique circumstances of this case, we need not address that issue. Because the Superior Court of White County never acquired personal jurisdiction over Ashley Presnell and William Crispin (collectively, "Appellants") due to the State's failure to serve Appellants with process, the trial court's order awarding Appellants' seized assets to the State was a mere nullity.

---

[1] See OCGA § 9-16-12.

Therefore, as explained more fully herein, we reverse the trial court's judgment awarding Appellants' seized assets to the State.

*Factual Background.* Under Georgia law,

> in rendering judgment on a complaint for forfeiture, the trial court is required to make mixed findings of fact and law, which this Court must accept unless they are clearly erroneous. And we defer to the trial court's judgment as to witness credibility and will affirm the trial court's findings if there is any evidence supporting them.

(Citations and punctuation omitted.) *Buchanan v. State*, 319 Ga. App. 525, 526-527 (737 SE2d 321) (2013). So viewed, the record reveals that, as part of an ongoing drug investigation, agents of the Appalachian Regional Drug Enforcement Office and other law enforcement agencies initiated a traffic stop of Appellants on February 2, 2018. During a search of the vehicle, officers uncovered $9,584 in U. S. currency. On the same date, officers also executed a search warrant at Appellants' residence, where they found "a quantity of marijuana" and an additional $1,000 in cash.

*Procedural Background.* Following the February 2, 2018 seizure of Appellants' assets, the State filed a verified complaint for forfeiture on March 30, 2018. The complaint listed all of the assets seized as a result of the drug enforcement office's operation, including $56,253 in U. S. currency and ten firearms; the

2

complaint also identified the owners and interest holders of the assets as Presnell, Crispin, Valerie Pruitt, Steven Pruitt, Evan Johnstone, William Moore and Christopher Morris. According to the record, the State served Johnstone on July 17, 2018 and Steven Pruitt on July 27, 2018; entries of service for Crispin and Moore were returned non-est on July 12 and 30, 2018, respectively.[2]

Despite the apparent inability to serve Crispin or Presnell with process, an attorney entered an appearance on Appellants' behalf on August 17, 2018. Appellants then filed separate answers to the forfeiture complaint on September 17, 2018, each raising a series of defenses including lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process.

The trial court first scheduled a hearing for October 19, 2018 "to show probable cause why [the] Court should not dismiss this forfeiture." On that date, Appellants filed motions to dismiss the forfeiture, claiming that their counsel received service of process in open court on August 17, 2018 and that no bench trial had occurred within 60 days of service, or by October 16, 2018, as required by OCGA §

---

[2] The record does not contain entries of service for contemporaneous attempts to serve Presnell, Morris, or Valerie Pruitt.

9-16-12 (f), nor had good cause for a continuance been demonstrated.[3] Appellants' assertion that they received service on August 17, 2018 was based upon an affidavit from their counsel, filed as an exhibit to their motion to dismiss, in which he stated that he "accepted service of the State's Complaint for Forfeiture and the Summons in open Court on August 17, 2018. . . ." The trial court scheduled Appellants' motion to dismiss for a hearing on January 15, 2019,[4] at the conclusion of which the trial court suggested that there had been no written acknowledgment of service and that,

---

[3] The record does not contain a transcript of either an August 17, 2018 hearing or an October 19, 2018 hearing, and Appellants' notice of appeal simply states that "multiple transcripts of evidence [are] to be included with the record on appeal." To the extent such transcripts exist, this nondescript language is insufficient to instruct the clerk of court to include a particular transcript in the appellate record. See generally *Hill v. Bd. of Regents of the Univ. System of Ga.*, 346 Ga. App. 830, 832 (816 SE2d 296) (2018) ("Our appellate courts have held that the specification that 'nothing' is to be omitted from the record would not infer that the transcript is to be included, since the appellant is required to state whether the transcript will be filed, in addition to designating any portion of the record to be omitted.") (citation and punctuation omitted).

[4] The record includes a 2-page transcript of a November 6, 2018 hearing, although there is no corresponding rule nisi or similar scheduling order setting the hearing date. During that brief hearing, the trial court indicated that the hearing would be continued to January 15, 2019 due to "confusion with the Court of the resetting last time[;]" a subsequent scheduling order indicated that "the case did not appear on the Court's published calendar" for November 6, 2018. The trial court further noted that Appellants did not consent to the continuance.

as a result, Appellants had not been served.[5] The record does not reflect any further activity between January and April 2019.

Appellants filed a second motion to dismiss on April 17, 2019, again pointing out that, based upon the purported service accepted by counsel in open court on August 17, 2018, no bench trial had occurred within 60 days of service of process. While Appellant's motion remained pending, the State filed a motion on August 9, 2019 to serve Appellants, Moore, and Morris by publication. The trial court granted the motion and the State proceeded to serve each of the owners and interest holders by publication.

The trial court entered a rule nisi scheduling the case for a hearing on October 16, 2019 "to show cause why the relief sought should not be granted." The transcript of the hearing reveals confusion between the parties and the trial court as to the purpose of the hearing: the State believed that the hearing was the bench trial contemplated by OCGA § 9-16-12, while Appellants' counsel asserted he had not received a trial notice and suggested that the hearing was set to address Appellants'

---

[5] The record does not contain an order adjudicating Appellants' first motion to dismiss.

second motion to dismiss the forfeiture. Over Appellants' objection, the trial court continued the hearing until November 15, 2019.

Prior to the trial court's November 15, 2019 bench trial, the trial court granted a motion by Appellants to set aside and vacate the publication order because the State failed to serve Appellants with a copy of the motion.[6] In addition, the trial court denied Appellants' second motion to dismiss the forfeiture. During the bench trial, the trial court received evidence from two members of the drug enforcement office. The trial court ultimately entered judgment on July 14, 2020 awarding Appellants' forfeited assets to the State. This appeal followed.

1. In two related enumerations of error, Appellants contend that the trial court erred by not granting their first and second motions to dismiss because there was no bench trial conducted within 60 days of August 17, 2018 — the date their counsel purportedly accepted service of process in open court, which would have required trial by October 16, 2018. See OCGA § 9-16-12 (f). Because the August 17, 2018 purported service of process on Appellants' counsel was ineffective, and in view of the trial court's order vacating the State's service of the owners and interest holders

_____

[6] The State did not file a cross-appeal from the trial court's order.

6

by publication, we conclude that the trial court lacked personal jurisdiction over Appellants.[7]

We start with the general proposition that in rem forfeitures filed pursuant to OCGA § 9-16-12 are, in the absence of conflicting provisions, governed by the Civil Practice Act. See *Mitchell v. State*, 255 Ga. App. 507, 509 (566 SE2d 24) (2002) ("The provisions of the Civil Practice Act apply to forfeiture proceedings unless a specific, expressly prescribed rule set forth in the forfeiture statute conflicts with the CPA."); OCGA § 9-11-81. To that end, "service of summons, unless waived, is required to notify a defendant of an impending action and his duty to respond within a specified time. In the absence of either proper service of summons or a valid waiver thereof, the trial court lacks personal jurisdiction over the defendant." Id. at 509-510.

Inasmuch as "[p]roper service of summons is necessary for [a trial] court to obtain jurisdiction over a defendant[,]" and "personal jurisdiction is required in order

---

[7] Even had the trial court acquired jurisdiction over Appellants, their first enumeration presents nothing for our review. We note that the record contains Appellants' first motion to dismiss and the transcript of a January 15, 2019 hearing at which the motion was argued. However, Appellants have not cited, nor have we found, a trial court order adjudicating the motion. In the absence of an order, then, appellate review of this issue would be precluded. See generally *Lott v. Arrington & Hollowell, P. C.*, 258 Ga. App. 51, 53-54 (1) (572 SE2d 664) (2002); *Matthews v. Tele-Systems, Inc.*, 240 Ga. App. 871, 874-875 (5) (525 SE2d 413) (1999).

7

for a party to be subject to the decisions and rules made by the court in a particular case[,]" we first address the question of personal jurisdiction. *Connor v. Oconee Fed. Saving & Loan Assn.*, 338 Ga. App. 632, 634 (791 SE2d 207) (2016). Relevant to this case, OCGA § 9-11-4 (e) (7) provides that service of process upon an individual must be given

> to the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

"We generally construe the personal service requirements in O.C.G.A. § 9-11-4 [(e)] (7) strictly because notice is central to due process." *Anderson v. Bruce*, 248 Ga. App. 733, 737 (3) (548 SE2d 638) (2001). Accordingly, where personal service of an individual defendant is required,[8] service of process on the defendant's attorney is not permitted. See *Estate of Thurman v. Dodaro*, 169 Ga. App. 531, 533 (1) (313 SE2d

---

[8] Such personal service is a requirement of in rem forfeiture actions. See OCGA § 9-16-12 (b) (1), (2) ("A copy of the complaint and summons shall be served on any person known to be an owner or interest holder and any person who is in possession of the property. . . . Issuance of the summons, form of the summons, and service of the complaint and summons shall be as provided in subsections (a), (b), (c), and (e) of Code Section 9-11-4.").

722) (1984) ("Service on an attorney is not permitted where personal service is required."); see generally *Benefield v. Harris*, 143 Ga. App. 709, 711 (2) (240 SE2d 119) (1977). In addition, an "[a]cknowledgment of service, *without an express waiver of process*, does not constitute a waiver of valid service of process." (Citation and punctuation omitted; emphasis supplied.) *Lewis v. Southern Gen. Ins. Co.*, 209 Ga. App. 232, 233 (1) (433 SE2d 80) (1993).

Here, the purported service of process of Appellants through their counsel was ineffective. Appellants' counsel claimed, in an affidavit included as an exhibit to Appellants' motions to dismiss, that he "accepted service of the State's Complaint for Forfeiture and the Summons in open Court on August 17, 2018 for both William Crispin and Ashley Presnell. . . ." Our law makes clear that initial service of process on a defendant's attorney is not authorized when personal service is required. See *Estate of Thurman*, 169 Ga. App. at 533 (1); *Benefield*, 143 Ga. App. at 711 (2); OCGA § 9-16-12 (b); compare OCGA § 9-11-5 (b) ("Whenever under this chapter service [of pleadings subsequent to the original complaint] is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court."). In addition, Appellants' counsel's affidavit did not include a waiver of process, rendering it

9

invalid. See *Lewis*, 209 Ga. App. at 233 (1). Moreover, there is no indication in the record that Appellants' counsel was ever authorized to accept service of process on Appellants' behalf.

Accordingly, the record demonstrates that the State failed to personally serve Appellants with process. Likewise, the trial court granted Appellants' motion to set aside its order allowing the State to serve the owners and interest holders by publication, and the State did not appeal the order granting the motion to set aside. Finally, the record does not show that a proper acknowledgment or waiver of service was filed. See *Lewis*, 209 Ga. App. at 233 (1); OCGA § 9-11-4 (d); see also OCGA § 9-10-73 ("The defendant may acknowledge service or waive process by a writing signed by the defendant or someone authorized by him."); compare *Newell v. Brown*, 187 Ga. App. 9, 10 (369 SE2d 499) (1988) (finding that counsel who executed proper acknowledgment of service, stating that "all other and further service and notices are hereby waived[,]" did not have authority to represent party).

The result is that the trial court did not acquire jurisdiction over Appellants.[9] See *Gurrero v. Tellez*, 242 Ga. App. 354, 356-357 (2) (529 SE2d 639) (2000). "It is well established that jurisdiction over a party must be established before the court can enter any ruling binding the party or the ruling is declared null and void." *Jones v. Isom*, 223 Ga. App. 7, 9 (2) (477 SE2d 139) (1996), overruled in part on other grounds, *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314 (765 SE2d 413) (2014). As a result, the trial court was without authority to enter orders on Appellants' motions to dismiss.[10]

2. In their remaining enumerations of error, Appellants argue that the trial court erred in: (1) declining to dismiss the forfeiture complaint because officers had no probable cause to initiate a traffic stop that precipitated the seizure of their assets; (2) awarding their assets to the State because the State failed to prove that they were in possession of a controlled substance; and (3) finding that officers had the authority

___

[9] Moreover, Appellants' "appearance in the action by the filing of an answer and raising the defense of insufficiency of service of process . . . did not constitute a waiver of the defective service." *Glass v. Byrom*, 146 Ga. App. 1, 2 (245 SE2d 345) (1978).

[10] In view of our decision, we need not consider Appellants' argument that the State failed to exercise due diligence in serving the owners and interest holders with process.

11

to search Crispin's vehicle absent a search warrant.[11] For the reasons discussed in Division 1, we likewise conclude that the trial court lacked jurisdiction to conduct a bench trial and to enter an order thereon. Therefore, we reverse the trial court's order awarding Appellants' assets to the State. As a result, we need not consider Appellants' remaining enumerations of error.

In sum, we conclude that, in view of the State's failure to serve process on Appellants, and in the absence of a valid acknowledgment or waiver of service of process, the trial court did not acquire personal jurisdiction over Appellants. Therefore, we reverse the trial court's orders denying Appellants' second motion to dismiss and awarding the seized assets to the State for lack of jurisdiction.

*Judgment reversed. Miller, P. J., and Pipkin, J., concur.*

---

[11] As a general proposition, the fact that the present civil forfeiture action apparently preceded Appellants' criminal prosecution does not prevent Appellants from raising a collateral challenge to the underlying search. See *Pitts v. State*, 207 Ga. App. 606, 607 (1) (428 SE2d 650) (1993).