### 16716.   COCHRAN *v.* CARTER.

BELL, J. 1. In a suit upon a written contract, in which the sole ground of defense was that the writing did not express the true agreement between the parties, where the defendant's answer alleged that the defendant executed the contract without reading it, but failed to show that he could not read and was for that reason imposed upon, or that the contract was signed under some emergency which excused the failure to read, or that such failure was brought about by the fraud or artifice of the opposite party, the answer set forth no valid defense, and was properly stricken. *Widincamp* v. *Patterson*, 33 *Ga. App.* 483 (2) ·(127 S. E. 158), and cases cited.

2. The defendant's answer having been properly stricken, the suit was then in default, and it being one in which the amount of the plaintiff's claim was liquidated, the plaintiff was entitled to take a verdict as if each and every allegation of the petition had been proved by evidence. Civil Code (1910), §§ 5539, 5662; *Pape* v. *Woolford Realty Co.*, 35 *Ga. App.* 284 (6) (134 S. E. 174).

   *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

    DECIDED APRIL 20, 1926.

Complaint; from city court of Waycross—Judge Crawley. June 17, 1925.

*I. J. Bussell,* for plaintiff in error.

*Blalock & Blalock, Charles E. Harper, M. M. Sessions, W. M. Reynolds,* contra.

---

Contracts, 13 C. J. p. 370, n. 25; p. 744, n. 90.
Judgments, 34 C. J. p. 169, n. 64; p. 188, n. 25.
Pleading, 31 Cyc. p. 619, n. 64,