33003.   KNIGHTON *v.* ALEXANDER.

DECIDED MAY 5, 1950.

*Phillip Sheffield,* for plaintiff in error.

*Stone & Stone,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ The answer of the justice admits, as asserted by the applicant for certiorari, that the special demurrer was not passed upon, and adds that it was not brought to his attention. It was the duty of the justice to pass upon the demurrer before entering upon a consideration of the facts and such omission is undoubtedly error. The error is not in all cases, however, harmful and reversible. In *Seaboard Air-Line Ry. Co.* v. *Jolly,* 160 *Ga.* 315 (2) (127 S. E. 765), it was ruled: "While, as we have ruled above, the trial court should have passed upon the demurrers before proceeding with the trial of the case upon the facts, nevertheless it was competent for the Court of Appeals to examine the special demurrers, and if, after examination, they were found to be without merit, to so rule, and to hold that the error of the trial judge in failing to pass upon them was harmless." See also *Firemen's Insurance Co.* v. *Oliver,* 46 *Ga. App.* 507, 509 (167 S. E. 909). Was the error harmless here? The ground of the demurrer was that "no copy of the note sued on is attached to the summons." It is shown by the record that no copy of the note was attached to the copy of the summons, the justice having attached only a memorandum showing that the summons was as to a suit upon a note dated September 15, 1932, for a stated amount of principal and a stated amount of interest. This memorandum undoubtedly misled counsel for the defendant to conclude that no copy of the note was attached to the original summons, whereas in fact, though no such copy was attached, the note itself was affixed to the original summons, and this constituted a sufficient showing of the cause of action as required by the statute. It is obvious, therefore, that the demurrer was without merit, and the failure to rule thereon was not harmful and reversible error.

■ The judgment is complained of because: (1) The court was not legally open, the case was not sounded, and the defend-

ant was not permitted to plead but judgment was summarily entered against him. (2) The note was not introduced in evidence. (3) The defendant was not properly served. In answer to contention (1) it must be said that the act of the petitioner in seeking the writ of certiorari commits him to the legal proposition that the judgment was not void, as now contended, but only voidable at most, since if void, certiorari would not lie. *Sawyer* v. *Blakely*, 2 *Ga. App.* 159 (58 S. E. 399). If not void, it would necessarily follow that the court was not for any reason without jurisdiction to render the judgment, and, also, that the court was open. But an examination upon the merits likewise shows the contention to be without substantial basis. The summons required the defendant to be and appear at the justice's court on April 27, 1949, at 10 o'clock a. m. The untraversed answer of the justice shows that he was at the appointed time in his accustomed place for holding court, that the parties with their counsel were personally present, and that his announcement as to entering judgment for the plaintiff, made a few minutes after 10 o'clock a. m., was only after a conference between the parties and their announcement that they were unable to reach a settlement as the defendant had indicated might be done upon the arrival of the plaintiff in court. The judgment was not entered, as the plaintiff in error mistakenly asserts in his brief, "while the discussion was still going on." The defendant had filed a demurrer, but had not indicated that he desired or intended to file a defensive answer or plea. The case was triable on that day, April 27, 1949, unless a defense should be interposed at that time, in which event it would stand for trial at the next term of court (subject, however, to continuances as provided by law), except that trial might be had at first term with the consent of the plaintiff. Code, §§ 24-1401, 24-1402, 24-1403. Where no defense is interposed to a suit for a liquidated amount, a default judgment may be entered just as if proof had been made. *Georgia, Fla. & Ala. Ry Co.* v. *Sheppard*, 3 *Ga. App.* 241 (59 S. E. 717); *Ivey* v. *Payne*, 8 *Ga. App.* 760 (1) (70 S. E. 140); *Pape* v. *Woolford Realty Co.*, 35 *Ga. App.* 284 (6) (134 S. E. 174); *Cochran* v. *Carter*, 35 *Ga. App.* 286 (2) (132 S. E. 921); *Glennville Investment Co.* v. *Jordan*, 144 *Ga.* 14 (2-a) (85 S. E. 1049); Code, § 110-403. It is true,

as contended by the plaintiff in error, that the case was not sounded or cried. Neither was the plaintiff expressly invited to plead, but it can not be said that he was without opportunity to do so. It must be remembered that proceedings in a justice court are not attended with the technicality and precision which are requisite in courts of record, the real object being to obtain substantial justice, and great liberality is indulged in such proceedings. 51 C. J. S. 96, § 53. It is very evident from the summons and untraversed answer of the justice that the parties were present at the appointed time and place and for the express purpose of trying that case. If counsel did not understand that the court was open, though informally, he should have become aware of it when the justice announced that he was entering judgment. The defendant was in default, in so far as a plea or answer was concerned, and the action of the justice was authorized. While it is complained that the defendant was not permitted to plead, the answer of the justice shows that no remonstrance was made or any permission sought to plead or answer.

The contention that the defendant was not properly served cannot be considered by this court, inasmuch as no proper attack on the service was made in the trial court and the defendant unreservedly appeared therein.

The proceeding, though informal, was in a justice court with actual jurisdiction, and no reversible error is shown. The judge of the superior court did not err in overruling the petition for certiorari and dismissing it.

WORRILL, J., being disqualified, GARDNER, J., was designated to preside in his stead.

*Judgment affirmed. Felton and Gardner, JJ., concur.*