45567.  ROBINSON et al. v. BOMAR et al.

Argued September 11, 1970—Decided October 2, 1970.

*Jack K. Bohler,* for appellants.

*Neely, Freeman & Hawkins, J. Bruce Welch,* for appellees.

EBERHARDT, Judge. ■ While the action sought to be maintained against the several defendants, including Bomar, was a *joint action,* it was upon a *joint and several* rather than a *joint cause of action.* Consequently, the order dismissing Bomar was, as to her, a final one, leaving the action pending in the trial court a different one from that which would have resulted if she had been and had remained a party thereto. It was, therefore, appealable and it was unnecessary to obtain a certificate from the trial court to make it reviewable. *Johnson v. Motor Contract Co.,* 186 Ga. 466 (198 SE 59); *Veal v. Beall,* 189 Ga. 31, 33 (5 SE2d 5); *Millers Nat. Ins. Co. v. Hatcher,* 194 Ga. 449, 451 (22 SE2d 99); *Moore v. Harrison,* 202 Ga. 814, 817 (44 SE2d 551); *Stanley v. Greenfield,* 205 Ga. 99 (52 SE2d 467); *Sanders v. Culpepper,* 226 Ga. 598 (176 SE2d 83); *Smith v. Atlanta Enterprises,* 46 Ga. App. 760 (1) (169 SE 243); *Edwards v. Gulf Oil Corp.,* 69 Ga. App. 140, 142 (24 SE2d 843); *Fambro v. Sparks,* 86 Ga. App. 726, 733 (72 SE2d 473).

■ Is it necessary that the plaintiff obtain leave of court for the filing of an amendment seeking to make a new party defendant and to take an order making the new party? Relative to amendments, it is provided in *Code Ann.* § 81A-115 that: "*Except as otherwise provided,* a party may amend his pleading as a matter of course at any time, without leave of court," and in § 81A-121 that "Parties may be dropped or added *by order of the court* on motion of any party or of its own initiative at any stage of the action and

on such terms as are just." However, a "third-party plaintiff need not obtain leave to make the service [upon a third-party defendant] *if* he files the third-party complaint not later than 10 days after he serves his original answer. *Otherwise he must obtain leave.*" (Emphasis supplied.) *Code Ann.* § 81A-114 (a).

Section 81A-121 parallels Rule 21 of the Federal Rules of Civil Procedure, and the Federal courts have long construed it to require the obtaining of leave of court when the plaintiff seeks to assert a claim against one who is not already a party to the proceedings. Monarch Industrial Corp. v. American Motorists Ins. Co., 276 FSupp. 972; Hammond-Knowlton v. United States, 121 F2d 192, 193 (2 Cir.), cert. den. 314 U. S. 694 (62 SC 410, 86 LE 555); Sklar v. Hayes, 1 FRD 594; National Maritime Union of America v. Curran, 87 FSupp. 423.

The adding or dropping of parties requires the exercise of a discretion by the court, and, without the requirement that leave of court be obtained in doing so, there could be no exercise of discretion. It is important that the status of parties not be altered or changed save under the supervision of the court. Thus, even if Bomar were properly a third-party defendant, she could not be changed to a party defendant without leave of court, for it would materially alter her status and exposure.

Professor Moore in his work on Federal Practice asserts (3A Moore 2909, § 21.05): "If a motion to add a party is granted, or if the court orders an additional party brought in on its own motion, service of process must be made in the usual way," citing Hoffman v. Santly-Joy, Inc., 51 FSupp. 779. And see Hargrove v. Louisville & N. R. Co., 152 FSupp. 681. Obtaining leave of court is a requisite.

Nothing said in *Insurance Co. of North America v. Atlas Supply Co.,* 121 Ga. App. 1 (172 SE2d 632) requires a different result here, for the issue was not presented in that case.

■ When defendant Rogers dismissed his third-party complaint against Bomar she was no longer a party in any capacity, and since she was not a party when Rogers filed his cross claim against her, it was without viability. It did not and could not make her a party.

■ Since no leave was obtained to permit plaintiffs to make

Bomar a party, and no order was taken making her a party until December 2, 1969, more than two years after the date alleged as the time when plaintiffs suffered injury as a result of her negligence, it is clear that the statute of limitations had run against all claims for injury to the person which plaintiffs or defendants may have had against her growing out of the same transaction. *Code* § 3-1004.

An action cannot be maintained against one based upon a claim which is barred by the running of the statute of limitations when the statute is invoked. Consequently, if recovery against her for injury to the person were the only claim asserted, there would be no error in the sustaining of her motions to dismiss.

5. The complaint reveals that plaintiff William W. Foster, III, seeks recovery for a loss of wages from May 23, 1967, to September 1, 1967, in the amount of $576, and plaintiff R. L. Robinson, as guardian for William W. Foster, III, seeks recovery of $1,144.70 in medical expeness incurred, and that plaintiff Charlene Robinson seeks recovery of $555 as the diminished value of her Volkswagen. These items are for injury to personalty and the statute of limitations as to them is four years. *Code* § 3-1002. A motion to strike all claims for personal injuries would have been good, but a general motion to dismiss upon the ground that all claims have been barred by the statute of limitations should have been denied.

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*