## 52145. PASCOE STEEL CORPORATION v. TURNER COUNTY BOARD OF EDUCATION et al.

MARSHALL, Judge.

Pascoe Steel Corporation, plaintiff below and appellant herein, brings this appeal from the grant by the trial court of motions to dismiss filed by the Turner County Board of Education and the Turner County School District. These motions, as pertinent to this decision, were based upon lack of jurisdiction because of an alleged defect in the service of process. Pascoe enumerates two errors, each alleging the improper grant of the motion to dismiss in favor of the school board and the school district.

The record indicates that Pascoe initially filed its

complaint against the board of education on March 26, 1975. On March 27, 1975, the Sheriff of Turner County made a return indicating he had served a copy of the complaint and summons on an agent of the board of education. On April 10, 1975, Pascoe amended its complaint to include as a joint defendant the Turner County School District. A deputy sheriff made a return on April 15, 1975, indicating a copy of the amended complaint was served on the school district. There is no evidence that the school district was added as a party defendant pursuant to an order of the court. All parties to the litigation are in agreement that the sheriff's department, for some unknown reason, did not include in either service of process a summons indicating the time frame within which an answer had to be filed or an appearance made.

On April 25, 1975, the board of education filed its original answer to the complaint but without raising by motion or in its original answer any question concerning defective service. On August 25, 1975, Pascoe filed a motion for summary judgment with copies mailed to the two defendants. On October 10, 1975, the school board and the school district each filed a motion to dismiss, alleging among other grounds defective process and service of process. The trial court granted the two motions to dismiss but did not rule upon Pascoe's motion for summary judgment, considering it to be mooted. *Held:*

1. CPA § 3 (Ga. L. 1966, pp. 609, 610 (Code Ann. § 81A-103)) requires the plaintiff to file a complaint only. Thereupon, CPA § 4 (Ga. L. 1966, pp. 609, 610; 1967, pp. 226, 227, 228, 249; 1968 p. 1036; 1968, pp. 1104, 1105; 1969, p. 487; 1972, pp. 689, 692 (Code Ann. § 81A-104)) delineates the procedures for the clerk of the court to prepare summons and attach the same to a copy of the complaint to be served by the sheriff or other authorized official upon the defendant.

The record in this case reflects that Pascoe's complaint and amended complaint were filed in the office of the Clerk of the Superior Court of Turner County. These were delivered to the sheriff for service and a return was made by an authorized official of the sheriff's department that the parties defendant had been served with copies of

the complaint. Does the failure of the clerk to prepare a summons and the sheriff's department's failure to include a summons with the copy of the complaint in its service of process create a ground for dismissal in this case? We think not for the reason that defendants waived such defense.

Under Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693 (Code Ann. § 81A-112 (b)) every defense to a claim for relief in any pleading shall be asserted in the responsive pleading thereto if one is required, except that certain specified defenses may be raised by motion. Included among these motion defenses are the ones of insufficiency of process and service of process urged by the school board and the school district. Code Ann. § 81A-112 (b) (4) and (5). These defenses, if raised by motion as here, must be made before or at the time of pleading if a further pleading is permitted; i.e., within the 30 days given to serve the answer. Code Ann. § 81A-112 (a). A defense of insufficiency of process or insufficiency of service of process is waived if it is neither made by motion nor included in a responsive pleading, as originally filed. CPA § 2 (h) (1) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106 (Code Ann. § 81A-112 (h) (1)); *Hayes v. Superior Leasing Corp.,* 136 Ga. App. 98 (220 SE2d 86).

Having failed timely to raise this issue as required by the CPA, it is waived. *Christopher v. McGehee,* 124 Ga. App. 310, 312 (183 SE2d 624); *American Finance Co. v. First Nat. Bank,* 135 Ga. App. 24, 25 (217 SE2d 364).

In their brief the board of education and school district tacitly admit the vitality of the holdings in *Lance Roofing Co. v. Board of Education,* 235 Ga. 590 (221 SE2d 23) holding that such state agencies are subject to suit. We expressly do not rule on other bases of the board of education's motion, leaving those for the trial court. Based on the foregoing discussions, we conclude the trial court erred in granting the motion to dismiss as regards the board of education.

2. However, the school district, in its motion to dismiss, asserted that it was made a party defendant without leave of court. It is necessary that a plaintiff obtain leave of court for the filing of an amendment

seeking to make a new party defendant and the plaintiff must obtain an order to that effect. Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694 (Code Ann. § 81A-115); Ga. L. 1966, pp. 609, 632 (Code Ann. § 81A-121); *Robinson v. Bomar,* 122 Ga. App. 564, 566 (177 SE2d 815). The record fails to indicate that Pascoe ever obtained leave of court to add the school district as a party defendant. Accordingly, the trial court properly dismissed the action as to the school district.

3. Pascoe in its brief argues that the trial court erred in failing to grant its motion for summary judgment. That issue was not assigned as error in the enumerations of error. An issue may not be raised for the first time on appeal in the brief but must be raised by appropriate enumeration of error. *Leniston v. Bonfiglio,* 138 Ga. App. 151; *Cross v. Miller,* 221 Ga. 579 (146 SE2d 279). Moreover, the trial court did not rule upon Pascoe's motion for summary judgment. Thus, the issue raised is premature, since there is no final order or ruling of the trial court as to that issue. *Nugent v. Willis,* 118 Ga. App. 335, 336 (163 SE2d 891).

4. A careful examination of the record in this case indicates that the plaintiff filed a second amendment to its complaint alleging that the designation of the defendant as the Turner County Board of Education was a misnomer and changing the designation of the defendant to Turner County School District. This amendment, served on defendants on December 15th, 1975, was filed December 17, 1975, after a hearing on defendants' motions to dismiss and after the date of the order of the trial judge, December 12, 1975, but before the date on which the order of the court was filed, December 23, 1975. Since there is no enumeration of error concerning this amendment or any order of the trial court pertaining thereto, or its possible effect on the course of this case, we do not pass on the significance or effect of the second amendment.

*Judgment affirmed as to Turner County School District but reversed as to Turner County Board of Education. Pannell, P. J., and McMurray, J., concur.*

Argued May 4, 1976 — Decided June 17, 1976.

*Waldrep & Williams, Ronald M. Mack,* for appellant.
*Reinhardt, Whitley & Sims, Glenn Whitley, Ernest J. Yates,* for appellees.