53961. GEORGIA GRAIN & STILLAGE COMPANY et al. v. FIRST GEORGIA BANK.

53962. RANGER LUMBER DELIVERY & STORAGE COMPANY et al. v. FIRST GEORGIA BANK.

MARSHALL, Judge.

These companion cases both involve the grant of summary judgment in favor of the First Georgia Bank against two separate companies based upon defaulted promissory notes. The appellant companies are wholly owned by the other defendant-appellant, H. Jack Smith. Georgia Grain executed a $50,000 promissory note, and Ranger Lumber executed a $25,000 note. Smith personally guaranteed each note. It is not contested that each note is in default, that the bank seized certain collateral pledged under each note, gave notice of sale and thereafter sold the collateral, applying the proceeds to expenses of the sale and reduction of the indebtednesses. The bank then sought to collect the deficiency by way of these suits. The appellants complain that the notification of seizure and sale of the collateral was not in accordance with the Uniform Commercial Code, and, accordingly, that the grant of summary judgment by the trial judge was improper. *Held:*

1. The appellants assert that two basic violations of the Uniform Commercial Code were perpetrated by the bank. The first is that the record is completely lacking of any notification as required by Ga. L. 1962, pp. 156, 422 (Code Ann. § 109A-9—504 (3)).

The notice sent by the bank to the appellants referred to Code Ann. §§ 109A-9—504 and 109A-9—506 and provided in substance that the bank was going to sell certain seized, itemized collateral within 10 days, the manner of distribution of the proceeds of that sale, accounting to debtor for any surplus or seeking any deficiency, stating the manner of the sale and granting

the debtor 10 days within which to redeem the collateral by satisfying the defaulted indebtedness. The appellants admit receiving the letter, but deny that the notification met the requirements of the law.

A similar letter of notification, giving the same time limits, manner of application of proceeds, and right of redemption of the collateral, was held to meet the requirements of the Uniform Commercial Code in *Motor Contract Co. v. Sawyer,* 123 Ga. App. 207 (3) (180 SE2d 282) (1971). That case is dispositive of the appellants' complaint that the notice was insufficient.

2. In the second alleged violation of the UCC, the appellants contend that the record fails to disclose that the sale was reasonable, or specified the method, manner, time, place and terms of the sale. The short answer to this facet of the appellants' complaint of illegality is that at no time did the appellants raise this issue in the trial court.

The general rule is that one is limited on appeal to objections raised in the trial court; objections cannot be raised for the first time before an appellate court. *Curran v. Fleming,* 76 Ga. 98 (1885); *Johnson v. Heifler,* 141 Ga. App. 460, 461 (233 SE2d 853) (1977); *Robertson v. Ga. Power Co.,* 128 Ga. App. 740 (197 SE2d 924) (1973); *Federal Ins. Co. v. Oakwood Steel Co.,* 126 Ga. App. 479 (191 SE2d 298) (1972); *H. W. Ivey Const. Co., Inc. v. Transamerica Ins. Co.,* 119 Ga. App. 794 (2) (168 SE2d 855) (1969).

3. In this case, the movant bank introduced affidavits of persons competent to establish the underlying facts of the bank's claim. The appellants were duly served. The bank carried its initial burden of showing the absence of any material issue of fact. The appellants did not present refuting evidence. Thus, the grant of summary judgment was proper. *Richards v. Tolbert,* 232 Ga. 678, 679 (208 SE2d 486) (1974). The appellants cannot rely upon the mere denial in their pleadings. They had a duty to respond to the bank's motion as supported by evidence in such a manner as to show a genuine issue of fact. *Smith v. Standard Oil Co.,* 227 Ga. 268, 271 (2) (180 SE2d 691) (1971). The bank's evidence established its right to its claim. That right was not refuted. It follows that the trial judge did not err in

granting the bank's motion for summary judgment for any of the reasons alleged.

*Judgments affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JUNE 6, 1977 — DECIDED JULY 1, 1977.

*Calhoun A. Long,* for appellants.

*Troutman, Sanders, Lockerman & Ashmore, Andrew J. Hinton,* for appellee.