63053. HARRIS v. MILLER BROTHER'S FARMS, INC.

Carley, Judge.

Appellee-plaintiff brought suit against appellant-defendant to recover on an account. Appellant appeals from the entry of judgment on a jury verdict for appellee.

1. Appellant enumerates as error the giving of a jury instruction on the law of ratification, asserting that the evidence did not authorize such a charge. The evidence demonstrates that appellant had previously authorized the use of his credit by an individual named Hall for the purchase of material from appellee. It appears that on at least one occasion subsequent to this authorization appellant paid a statement of account for materials charged in his name pursuant to an order by Hall. See *Palmer-Murphey Co. v. Fruit Haven Farm,* 34 Ga. App. 153 (128 SE 693) (1925). It is essentially appellant's position that he did not authorize the purchase by Hall of the materials which form the basis for the instant suit. In this regard, the evidence established that appellant received an invoice for the disputed materials a short time after they were picked up at appellee's place of business and he was aware at that time that the materials had been charged to his account. Appellant then contacted Hall "as fast as [he] could" and was told not to "worry about it" because Hall was "fixing to take care of it." After appellant received a second statement of account for the materials, he again contacted Hall and was told that the account would be settled "[j]ust as soon" as Hall finished the project for which the materials had been ordered. Appellant did not advise appellee that he had not "authorized" Hall's purchase of the materials until some three and one-half months after receiving the original notice that Hall had charged the materials to appellant's account. This was ample evidence to authorize a charge on the theory of agency arising by ratification of the "unauthorized" act of the purported agent, Hall, in charging materials with appellee in appellant's name. "Relationship of principal and agent arises whenever one, expressly, or by implication, authorizes another to act for him, *or subsequently ratifies the acts of another in his behalf . . .*" (Emphasis supplied.) *Butler v. Moore,* 125 Ga. App. 435, 436 (2) (188 SE2d 142) (1972). See *Griggs v. Dodson,* 223 Ga. 164 (2) (154 SE2d 252) (1967); *Brooke & Co. v. Cunningham Bros.,* 19 Ga. App. 21, 22 (5) (90 SE 1037) (1916).

2. Error is enumerated upon the giving of the following instruction: "An account is an unsettled claim or demand by one person against another based upon a transaction creating a debtor and creditor relationship between the parties which is *usually represented by an ex parte record kept by one of the parties.*" (Emphasis supplied.) Since the only "ex parte records" in the instant case were those kept by appellee, it is urged that the above quoted instruction had the erroneous effect of instructing the jury that the production of those records alone was sufficient to establish the necessary connection between appellee and appellant as creditor and debtor. We find this argument meritless. The above quoted

instruction is not erroneous as an abstract legal definition of an "account." See 1 AmJur2d, Accounts and Accounting, § 1, p. 371. Our review of the charge in its entirety demonstrates that the jury was fully and fairly instructed as to the burden that appellee would have to meet in order to recover against appellant on the account in issue in the instant case. The charge as given was not erroneous for any reason urged on appeal.

3. Appellant enumerates as error the giving of a charge on "account stated," urging that there was no evidence of his agreement as to the amount of the indebtedness or promise to pay, such as would be required to render the account "stated." See generally *Moore v. Hendrix & Hodges,* 144 Ga. 646 (1a) (87 SE 915) (1915); *Gage v. Tiffin Motor Homes,* 153 Ga. App. 704, 709 (4) (266 SE2d 345) (1980). "[A]n account may become stated even without express agreement [as to amount] . . . Likewise, the promise to pay may be either express or implied. [Cits.]" *Lawson v. Dixie Feed & Seed Co.,* 112 Ga. App. 562, 564 (145 SE2d 820) (1965). The evidence in the instant case authorized an instruction on account stated and the trial court gave a charge on this issue which was not erroneous for any reason urged on appeal.

4. It was not error to charge the jury on the law of contract. See *Gage,* 153 Ga. App. 709 (4), supra. There was evidence that appellant's initial agreement to have his credit with appellee extended to Hall was predicated upon appellant's communicated desire "to help Mr. Hall out . . ." This evidence authorized the following charge: "[A] benefit to a third party beneficiary may be a good and valid consideration for a contract . . ." See *Porter Fertilizer Co. v. Brewer,* 36 Ga. App. 329 (4) (136 SE 477) (1926).

5. Remaining enumerations of error relate to jury charges to which no objection was raised in the trial court. Accordingly, they present no basis upon which to assert error on appeal. Code Ann. § 70-207 (a).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 23, 1982.

*David J. Kelley,* for appellant.
*Guy D. Pfieffer,* for appellee.