## 67338. ESTATE OF MARJORIE C. THURMAN v. DODARO.

DEEN, Presiding Judge.

Victor Dodaro brought a pro se suit against the estate of Ms. Thurman, seeking to recover $2,750 of a retainer for legal services. He claims he contracted with her to represent him at a parole hearing in February 1982 and to pursue all necessary appeals if he was denied parole, and that he paid her $4,250 in advance for these services. The parole hearing was postponed until April, and his application was denied. In May appellee was informed, by a letter from Valerie Belmont dated May 19, 1983, of Ms. Thurman's death. Dodaro filed a pro se lawsuit seeking to recover the amount he had to pay another attorney to pursue his appeal. Dodaro's complaint was served on "the Estate of Ms. Marjorie C. Thurman, a corporation, by leaving a copy of the within action and summons with Mrs. Belmont (atty/agt) in charge of the office and place of doing business on October 14, 1982." On October 14, 1983, Ms. Thurman's will had not been offered for

probate; it was not offered until October 29, 1983. On that date, Gaines N. Pickett was appointed as executor to administer the estate, and sometime thereafter he employed Ms. Belmont as legal counsel for the estate.

In mid-January 1983, the complaint was discovered in Ms. Belmont's office. She filed a motion to open the default, claiming the estate had such meritorious defenses as improper service on the estate and violation of the six-month statutory exemption from suit as provided under OCGA § 53-7-102 (Code Ann. § 113-1526). The motion to open the default was withdrawn on February 8, 1983. On February 22, 1983, Dodaro's counsel amended the complaint and sought to add "Gaines M. Pickett, as executor of the estate of Marjorie C. Thurman," as a defendant. (The name of the executor apparently contains a typographical error as Pickett's later affidavit shows the executor's name to be "Gaines N. Pickett.") No ruling upon this motion was ever obtained. On May 3, 1983, Ms. Belmont filed a motion to dismiss the complaint, alleging lack of service, and included an affidavit from Pickett that he had not been appointed executor of the estate until October 29, 1983, and had never been served with Dodaro's complaint. On May 17, 1983, the court entered a default judgment against Gaines N. Pickett as executor of the estate. On June 2, 1983, Ms. Belmont filed a motion to vacate and set aside the judgment which was denied on June 3, 1983.

1. Under OCGA § 53-4-8 (Code Ann. § 113-901), any estate in real property vests immediately in the heirs at law, subject to administration by the legal representative of the estate for the payment of debts, purposes of distribution, etc. The title to all other property owned by a decedent vests in the estate's administrator for the benefit of the heirs and creditors.

"It is the duty of [the executor or administrator of an estate] to defend all claims against the estate, whether arising ex contractu or ex delicto, and he is thus a necessary party to such a claim . . . 'The administrator is in law the personal representative of the deceased. He is, for all practical purposes involving the administration of his affairs, a legal substitute for the deceased . . . It is his duty to represent the estate in any litigation in which it may become involved, to prosecute suits in favor of and defend suits against the estate he represents.' . . . *Morris v. Murphey & Co.,* 95 Ga. 307, 310 (22 SE 635)." *Davenport v. Idlett,* 234 Ga. 864 (218 SE2d 577) (1975).

Accordingly, we find that Gaines N. Pickett, as executor of the Thurman estate, was an indispensable party under OCGA § 9-11-19 (Code Ann. § 81A-119), as relief could not be afforded the plaintiff without his presence in the lawsuit and the case could not be decided on its merits without prejudicing the other party. *Pickett v. Paine,*

230 Ga. 786, 796 (199 SE2d 223) (1973). Under OCGA § 9-11-21 (Code Ann. § 81A-121), "Parties may be dropped or added *by order of the court on motion* of any party or of its own initiative at any stage of the action and on such terms as are just." (Emphasis supplied.) "It is necessary that a plaintiff obtain leave of court for the filing of an amendment seeking to make a new party defendant and the plaintiff must obtain an order to that effect." *Pascoe Steel Corp. v. Turner County Bd. of Education,* 139 Ga. App. 87, 89-90 (227 SE2d 887) (1976); *Robinson v. Bomar,* 122 Ga. App. 564, 566 (177 SE2d 815) (1970). The record fails to indicate that Dodaro obtained leave of court to add Gaines N. Pickett as a party defendant.

In *Guhl v. Tuggle,* 242 Ga. 412 (249 SE2d 219) (1978), failure to join a necessary party was held to be an amendable defect under OCGA § 9-11-21 (Code Ann. § 81A-121), and that it was not such a defect as would justify dismissal of the cause of action. Here, however, a judgment was taken against one who was never made a party to the lawsuit.

We cannot agree with the appellee's contention that he did not have to obtain leave of court to add Pickett as a party defendant under OCGA § 9-11-15 (c) (Code Ann. § 81A-115 (c)). Under this subsection "[a]n amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

The provisions for personal service under OCGA § 9-11-4 (d) (7) (Code Ann. § 81A-104 (d) (7)) which provides the defendant with legal notice of the action brought against him "have been strictly construed because notice is the very bedrock of due process." *Headrick v. Fordham,* 154 Ga. App. 415, 417 (268 SE2d 753) (1980); *Thompson v. Lagerquist,* 232 Ga. 75 (205 SE2d 267) (1974). Service on an attorney is not permitted where personal service is required. *Browning v. Europa Hair,* 244 Ga. 222, 224 (259 SE2d 473) (1979); *Benefield v. Harris,* 143 Ga. App. 709 (240 SE2d 119) (1977). In the instant case, even assuming the attorney was served (she denies actually receiving it and claims someone in her office received it), she was not representing the estate in any capacity at the time of service and such service is invalid.

The object of service of process is to give the defending party proper notice of the proceedings and when his appearance will be

required. *Tyree v. Jackson,* 226 Ga. 690 (177 SE2d 160) (1970); *Heffner v. Dutton,* 106 Ga. App. 786 (128 SE2d 337) (1962). Where there is no valid service or waiver of service, the court's judgment is null and void. *Henry v. Hiwassee Land Co.,* 246 Ga. 87 (269 SE2d 2) (1980). A general appearance in the case may, however, constitute waiver of service. *Bigley v. Lawrence,* 149 Ga. App. 249 (253 SE2d 870) (1979). In the instant case, Pickett apparently did not have actual notice of the lawsuit until approximately sixty days after the suit against the estate was in default, and, through counsel, sought to have the default opened so he could assert such defenses as lack of service and violation of the executor's six-month statutory immunity from suit. No order was ever entered on this motion and the motion was withdrawn without objection two weeks prior to the filing of the plaintiff's motion to add him as a party. We do not believe that the requirements of OCGA § 9-11-15 (c) (Code Ann. § 81A-115 (c)) for adding a party by amendment have been satisfied as proper notice to the defendant was woefully lacking. Even if notice was waived by a general appearance when the motion to open the default was filed, there was nothing to which appellee's amendment could relate back because the estate had withdrawn its appearance without objection fourteen days prior to the filing of the amendment to add Pickett as a party.

As Gaines N. Pickett was not properly added as a party to the lawsuit, a judgment could not be taken against him in his capacity as legal representative of the Thurman estate, and the judgment is void.

2. Appellee's motion to dismiss the estate's appeal for failure to comply with certain rules of this court pertaining to appellate procedure is denied. OCGA § 5-6-30 (Code Ann. § 6-905) provides that the purpose of the Appellate Practice Act is to provide for a procedure for taking cases to this court and the Supreme Court, and "to that end, this article shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to in this article." None of the errors alleged in bringing this appeal warrants dismissal of the appeal.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 4, 1984 —
REHEARING DENIED JANUARY 18, 1984 —

*Valerie D. Belmont,* for appellant.
*Robert M. Goldberg,* for appellee.