## 69442. STONE MOUNTAIN AVIATION, INC. et al. v. ROLLINS LEASING CORPORATION.

### (329 SE2d 247)

CARLEY, Judge.

Appellee-plaintiff filed suit against appellant-defendant Stone Mountain Aviation, Inc. (SMA), seeking to recover on an open account. SMA answered, denying that it was indebted to appellee on the account. SMA then filed a third-party complaint against appellant American Asphalt & Paving, Inc. (AA&P). In this posture, the case was tried before the court sitting without a jury. At the close of all of the evidence, the trial court granted appellee's oral motion to amend its complaint so as to name AA&P as a joint defendant in the main action. The trial court then entered a joint and several judgment for appellee against both SMA and AA&P. The trial court also entered judgment in favor of SMA against AA&P in the third-party action. Both SMA and AA&P appeal.

1. SMA enumerates the general grounds. The assertion is that there was no evidence that SMA's alleged account with appellee had been opened by an agent vested with authority to conduct such a transaction on behalf of the corporation.

The trial court's finding that SMA was liable on the account that had been opened in its name was predicated upon the theory of agency by ratification. " 'Relationship by principal and agent arises whenever one, expressly, or by implication, authorizes another to act for him, *or subsequently ratifies the acts of another in his behalf. . . .*' [Cits.]" (Emphasis in original.) *Harris v. Miller Bros. Farms*, 161 Ga. App. 377, 378 (288 SE2d 639) (1982). " 'Authorities generally agree that . . . ratification is the confirmation by one of an act performed by another without authority. [Cits.]' [Cit.]" *Powers v. City of Cordele*, 143 Ga. App. 363, 365 (238 SE2d 721) (1977). In essence, the trial court found that SMA had ratified the opening of an account with appellee in its name by failing to repudiate that act after receiving notice thereof. "A principal may . . . by failure to repudiate acts be bound. [Cits.]" *Wielgorecki v. White*, 133 Ga. App. 834, 838 (212 SE2d 480) (1975). " 'The act of one holding himself out as agent in consummating a [contract] for his principal may be ratified by the principal, even if the agent was unauthorized in the first place to make the [contract], and such ratification may be implied from the acts or silence of the principal.' [Cit.]" *Royal Mfg. Co. v. Denard & Moore Constr. Co.*, 137 Ga. App. 650, 652 (224 SE2d 770) (1976).

After a careful review of the evidence, we find that there was at least some evidence to support a finding of SMA's ratifiation of the opening of the account in its name. Although SMA's president testified that he had objected to the account being in the name of that corporation "[w]hen we *first* received the first document, . . ." the

employee of appellee to whom these objections were purportedly made testified that the objections had not been voiced until *"after* all the rentals were . . . entirely completed, the equipment was turned in . . . ."* (Emphasis supplied.) "An unauthorized transaction by an agent may be validated by the principal's acquiescence therein for an unreasonable time, after knowledge of such act. 'What is a reasonable time is ordinarily a question for the [trior of fact.]' [Cit.]" *Nations v. Russell*, 68 Ga. App. 329, 331 (22 SE2d 756) (1942). The trial court's finding that SMA was liable on the account by ratification was not without a sufficient evidentiary basis.

2. AA&P asserts that the trial court erred in granting the motion to add it as a defendant in the main action and, consequently, in entering judgment against it in favor of appellee.

While OCGA § 9-11-15 (a), in conjunction with OCGA § 9-11-21, is authority for a trial court to grant a motion to add a party to a *pending* action (see *Aircraft Radio Systems v. Von Schlegell*, 168 Ga. App. 109, 111 (2) (308 SE2d 211) (1983)), the grant of such a motion does not dispense with the requirement that a new defendant be served. " 'If a motion to add a party is granted, . . . service of process must be made in the usual way . . . .' [Cits.]" *Robinson v. Bomar*, 122 Ga. App. 564, 567 (177 SE2d 815) (1970), overruled on other grounds *Robinson v. A. Constr. Co.*, 132 Ga. App. 591 (208 SE2d 605) (1974). This is true even if the new defendant is already in the case as a third-party defendant, for such a change "would materially alter [his] status and exposure." *Robinson v. Bomar*, supra at 567.

In the original capacity in which AA&P was brought into the case, "the only issue which could have been litigated was [AA&P's] secondary liability to [SMA] . . . . [Cits.]" *Firestone Tire &c. Co. v. Pinyan*, 155 Ga. App. 343, 345 (270 SE2d 883) (1980). Appellee never caused AA&P to be served as a defendant in the main action. Thus, even assuming without deciding that the trial court was otherwise authorized to grant appellee's motion to name AA&P as a party defendant in a case in which the evidence had already closed, the trial court clearly had no jurisdiction to enter a judgment against AA&P *in the main action.* "Even if defendant has knowledge of a pending suit, the sine qua non is service of [summons] in the manner provided by law." *American Photo Copy Equip. Co. v. Lew Deadmore & Assoc.*, 127 Ga. App. 207 (2) (193 SE2d 275) (1972). See also *Diaz v. First Nat. Bank*, 144 Ga. App. 582 (241 SE2d 467) (1978). AA&P did not acquiesce in the efforts to make it an after-the-fact defendant in the case but, to the contrary, the attorney representing AA&P objected strenuously that a judgment could not be entered against that corporation *except* as to the third-party action. Compare *Commercial Nat. Bank v. Moore Ford Co.*, 121 Ga. App. 424 (174 SE2d 201) (1970). The trial court erred in entering the judgment in favor of appellee

against AA&P because the latter was never *made* a proper defendant. See *Estate of Marjorie C. Thurman v. Dodaro*, 169 Ga. App. 531 (313 SE2d 722) (1984).

3. The judgment in favor of appellee against SMA is affirmed. The judgment in favor of appellee against AA&P is reversed.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 8, 1985 —
REHEARING DENIED MARCH 20, 1985.

*B. J. Roberts*, for appellants.
*Bartow Cowden III, Daryl L. Kidd*, for appellee.