69921. CMT INVESTMENT COMPANY v. AUTOMATED GRAPHICS UNLIMITED, INC.

(333 SE2d 196)

DEEN, Presiding Judge.

On July 12, 1982, Automated Graphics Unlimited, Inc. (Automated Graphics) brought suit against Rojac, Inc. (Rojac), d/b/a Old Hickory House, alleging that the defendant had negligently caused a fire which resulted in damage to plaintiff's place of business. The defendant filed a third-party complaint against CMT Investment Company (CMT) on May 2, 1983. On December 2, 1983, seven months after CMT was impleaded, plaintiff amended its complaint to add CMT as a party defendant. Automated Graphics did not obtain leave of court to add appellant as a party defendant and served a copy of its amended complaint on CMT's attorney of record rather than on the company through its personal representative. On December 8, CMT answered the amended complaint denominating it a "special appearance and response" and challenged the sufficiency of service. It did not raise the defense of the failure of the plaintiff to obtain leave of court to add it as a direct defendant.

On that same date appellant sought a continuance, claiming that the plaintiff's amendment completely changed the theory of the lawsuit and it had to "start all over with discovery as the entire theory of our defense must change." Approximately ten months elapsed between the request for the continuance and the date of trial. On the date of trial, appellant orally contested being brought in as a direct defendant without the leave of court. The trial court denied the motion to dismiss and CMT appeals following the entry of a judgment on a jury verdict against Rojac in the amount of $5,000 and against it in the amount of $15,000. *Held*:

OCGA § 9-11-21 provides: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Plaintiff must obtain leave of court for filing an amendment seeking to make a new party defendant, and obtain a court order to that effect. *Pascoe Steel Corp. v. Turner County Bd. of Education,* 139 Ga. App. 87 (227 SE2d 887) (1976); *Clover Realty Co. v. Todd,* 237 Ga. 821 (229 SE2d 649) (1976).

The record here shows that plaintiff Automated Graphics amended its complaint without leave of court, seeking to add as a direct defendant CMT, which was at the time of the amendment a

third-party defendant in the action. Service was not perfected upon CMT in any manner allowed under OCGA § 9-11-4; rather, the amended complaint was simply served upon CMT's attorney as a pleading subsequent to the original complaint pursuant to OCGA § 9-11-5. In response to the amended complaint, CMT filed a special appearance contesting service and otherwise answering. Thus, CMT preserved its service defense. Apparently on the eve of trial, CMT made an oral motion to dismiss. It is clear from the record that at that point, Automated still had not sought or received leave from the court to add CMT as a direct defendant, nor had CMT been served in any manner pursuant to OCGA § 9-11-4.

There was no pretrial hearing or order in this case. Failure of the opposite party to get leave of court to add a party by amendment to an existing suit is not a defense required to be raised in a responsive pleading. Since there was no pretrial hearing, CMT did not waive its service defense as did the defendant in *Ga. Power Co. v. O'Bryant*, 169 Ga. App. 491 (313 SE2d 709) (1984). Therefore, the present case is controlled by our recent decision in *Stone Mtn. Aviation v. Rollins Leasing Corp.*, 174 Ga. App. 35 (329 SE2d 247) (1985). There, in Division 2, the court held that even where a party is added as a direct defendant in an action in which the party is already a third-party defendant, service of process must be made in the usual way; that is, in accordance with the provisions of OCGA § 9-11-4. Without such service, the trial court lacks jurisdiction to proceed in regard to that party as a direct defendant. Thus, the trial court here lacked jurisdiction over CMT as a direct defendant because CMT was never properly served.

*Judgment reversed. Banke, C. J., Birdsong, P. J., Carley, Sognier, Pope and Benham, JJ., concur. McMurray, P. J., and Beasley, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

For the reasons stated in the dissenting opinion of Judge Beasley, I agree that the sole issue for this court on appeal is whether the trial court erred in permitting trial against CMT Investment Company as a direct defendant in the absence of a court order allowing it. I further agree with Judge Beasley that the case sub judice should be affirmed. However, while the majority opinion and Judge Beasley's dissenting opinion assume the necessity of a court order under the provisions of OCGA § 9-11-21, I do not believe that this statute is applicable to these circumstances.

OCGA § 9-11-14 (a) provides in part that: "The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff . . ." But for language in

*Robinson v. Bomar*, 122 Ga. App. 564, 567 (2) (177 SE2d 815), there would be no suggestion in our case law that a third-party defendant could not be changed to a party defendant without leave of court. However, that language in *Robinson v. Bomar*, supra, has previously been acknowledged as dicta in *C & S Land &c. Corp. v. Yarbrough*, 153 Ga. App. 644, 648-649 (266 SE2d 508). In *Robinson v. Bomar*, supra, the "third-party plaintiff had dropped his suit against Bomar so that at the time she was added as a principal defendant she was no longer a party to the suit in any capacity." *C & S Land &c. Corp. v. Yarbrough*, 153 Ga. App. 644, 648-649, supra. Thus, *Robinson v. Bomar*, supra, involved a situation falling under the control of the statutory language presently in OCGA § 9-11-21.

I would hold that the plaintiff was allowed to assert its claim in the case sub judice directly against the third-party defendant under the provisions of OCGA § 9-11-14. No court order was required as a prerequisite to the exercise of this statutory right. No new party was added to the case therefore, OCGA § 9-11-21 is irrelevant to the circumstances of the case sub judice.

BEASLEY, Judge, dissenting.

The sole ground for the motion at trial was that plaintiff had not obtained a court order to, as CMT put it, change its status from that of third-party defendant alone to that of third-party defendant as well as direct defendant. That is also its singular position here as indeed it must be because it cannot on appeal raise grounds which were not advanced in pursuit of its motion to dismiss the complaint against it below. *H. W. Ivey Constr. Co. v. Transamerica Ins. Co.*, 119 Ga. App 794, 795 (168 SE2d 855) (1969); *Ga. Grain &c. Co. v. First Ga. Bank*, 142 Ga. App. 709 (2) (236 SE2d 913) (1977). See also *Knighton v. Alexander*, 81 Ga. App. 565, 571 (59 SE2d 409) (1950). It enumerates as error the court's permitting trial against it as a direct defendant in the absence of a court order allowing it.

Although CMT had raised "insufficiency of service of process" in its response to the amended complaint in December 1983 and stated therein that it was not "waiving any defenses it might have in regard to service or lack thereof," that was the last that the court heard of this. It was not raised in any manner thereafter nor as a ground for the motion to dismiss. Nor, when the motion was denied and the court ruled that it would allow the plaintiff to proceed in trial against CMT directly, did CMT object that it had not been properly served. Ordinarily, of course, service would occur as the second step, after the party was added by the court order. But CMT simply said "all right, sir," without asserting the defense of lack of, or insufficiency of, service. That CMT did not ever intend to pursue it is clearly evidenced by its simultaneous discovery request, and by its request for continu-

ance of the trial for ninety days so it could conduct discovery for its defense as a direct defendant. What business would it have had to go forward and expend its time and money, and the time of its attorney, and to delay the proceeding, it it were to be dismissed for insufficiency of service? The record demonstrates that the defense was waived, and CMT subjected itself to the jurisdiction of the court as a direct defendant, save only for its claim concerning the lack of an order. That it preserved, and raises here, and thus there is no basis for us to decide the case on lack of service. There is a large procedural gap between the raising of the issue and the majority's sua sponte resurrection of it. The issue is not before us. In *Stone Mtn. Aviation v. Rollins Leasing Corp.*, 174 Ga. App. 35 (2) (329 SE2d 247) (1985), the circumstances did not involve a waiver; nor did that case involve tacit acquiescence by the party in its role as direct defendant as the facts here, set out below, demonstrate.

The only question we are called upon to decide is whether the trial court erred in allowing the trial to proceed with CMT as a direct defendant. The law provides: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." OCGA § 9-11-21.

Here it may be said that the court, of its own initiative, added CMT as a direct defendant when CMT brought to its attention that plaintiff had failed to move for such to be done. Or it may be said that the court refused to "drop" CMT as a direct defendant when it raised the issue of lack of a court order for the first time at trial.[1] Or it may be said that it "ordered" the addition of CMT as a direct defendant when it denied CMT's motion and, on its own initiative, directed that the trial proceed with CMT as a direct defendant. In any event, it is obvious by the court's actions and words that it gave that "supervision" of the question of addition which CMT rightly insisted was the purpose of requiring court intervention into the matter. The court considered the posture of the case, the time for preparation, the relationship of the parties, the prejudice which CMT claimed would result, and it decided that plaintiff should be allowed to proceed directly against CMT. Of course, the court was authorized to do this "at any stage of the action and on such terms as are just."

---

[1] As the majority pointed out, CMT never complained of the lack of a court order in the ten months before trial. It apparently was not concerned about it. In its letter to the court asking that the case be taken off the trial calendar, the reason given for its request was that an amendment adding it as a direct defendant had just been filed and it needed time for discovery, and that it did not believe plaintiff's counsel would object "since he has just filed this amendment."

Thus what we have before us is not an *absence* of an order, unless a formal written "order" is required even when the court acts on its own initiative, which I do not believe is the law in the circumstances of this case where such a document would serve no material purpose. However, when the question of status is raised before trial, the entry of a written order would clarify and settle the question so that the parties would know where they stood in relationship to each other and what their exposure was. The real question here is whether or not the court abused its discretion.

I cannot say that it did. 1) CMT, when it filed its response to the amended complaint back in December 1983, at the same time asked the court by letter to take the case off the trial docket because the amendment required it to "start all over with its discovery as the entire theory of our defense must change." It asked for "at least 90 days to give us an opportunity to conduct necessary discovery." It actually got three *times* ninety days, since the trial was not held until September 10, and it did not object when plaintiff asked on May 29 that the case be stipulated back. 2) Also at the same time, CMT requested production of documents from plaintiff, thus beginning immediately to prepare itself to defend against plaintiff directly. In support of the motion, CMT stated as its reason: "We need to know what our status is, because that will control to a large extent the direction that our defense takes." It never sought a further continuance; it never stated it needed more time to prepare; it never indicated it was taken by surprise. 3) The prejudice which CMT claimed would result if it were made a direct defendant, when the court inquired, was that it would in effect have to defend "two lawsuits instead of one." As third party defendant only, it reasoned that it would have to face only Automated Graphics, the main defendant. But that is not a legal prejudice. While it may be a disadvantage to the defendant, a plaintiff has a right to sue several joint tortfeasors directly. CMT even recognized this when it said: "As a direct defendant, then, of course, the plaintiff can come at me directly." Actually, the law, as a matter of good sense and economy, urges that the whole matter, and everyone's corresponding rights and liabilities, be resolved in one lawsuit. See, e.g., OCGA §§ 9-11-18, 9-11-19, 9-11-20, as well as the provision here focused on, OCGA § 9-11-21. The Civil Practice Act "shall be construed to secure the just, speedy, and inexpensive determination of every action." OCGA § 9-11-1. Thus the fact that CMT would have to face two adversaries did not, standing alone as it did, compel the court to grant the motion. 4) Everyone needed was present to fully adjudicate the dispute, which is the objective of liberal joinder. OCGA §§ 9-11-19 (a), 9-11-20.

This suit involved damages from a fire. Plaintiff Automated Graphics was the tenant below the Hickory House Restaurant (defen-

358

dant Rojac), also a tenant, and claimed that the fire was caused by the restaurant's clothes dryer. CMT was the landlord. Rojac, and by amendment Automated Graphics, claimed that the landlord was solely or jointly negligent because of failure to repair the sprinkling system. Obviously, to fully adjudicate the matter, all parties were necessary. In determining that the trial should proceed with landlord CMT defending directly the claim of tenant plaintiff as well as that of tenant defendant, the two alleging the very same acts of negligence by the landlord, I am unable to conclude that an abuse of discretion occurred.

DECIDED JULY 9, 1985.

John F. Davis, Jr., Laura Davis King, for appellant.

Richard A. Horder, Janice L. Rosser, Michael L. McGlamry, for appellee.