A93A0489. HAP FARMS, INC. et al. v. HEARD.
(434 SE2d 118)

BIRDSONG, Presiding Judge.

Appellants HAP Farms, Inc. (HAP Farms), Mike Phillips, and Charles Powell appeal the $20,000 judgment in favor of appellee Andrew Gary Heard d/b/a/ Gary Heard Farms.

Heard brought suit against HAP Tree Farms, Inc. (HAP Tree Farms), seeking to recover a certain sum allegedly due and owing for Christmas trees sold and delivered. HAP Tree Farms filed an answer and counterclaim to the complaint, denying indebtedness and seeking damages for breach of contract and implied warranty due, inter alia, to receipt of unmerchantable and unfit trees. Subsequently, HAP Tree Farms filed a motion to correct a misnomer in its corporate name to HAP Farms, Inc. averring that no corporation exists in the state under the name of HAP Tree Farms but conceding that the corporation did business under the trade name of HAP Tree Farms "to inform its customers . . . it was in the Christmas tree farming business." Heard filed a dismissal of complaint notice, which was objected to by HAP Tree Farms. The court granted appellant HAP Tree

Farms' motion to correct but granted appellee leave to file a brief in opposition and to be heard on oral argument prior to trial. Appellee then filed a motion to add appellants Mike Phillips and Charles Powell III, and to drop HAP Tree Farms and HAP Farms, as party defendants. (Phillips and Powell physically signed the tree sales agreement entered into with appellee, as president and secretary, respectively.) After jury selection — each party having reserved its right to a ruling on all pending motions — the court held hearings on the objection to appellees' dismissal of the complaint and motion to add new party defendants; the court ruled on the record that appellee could not dismiss his complaint and granted appellee's motion to add Phillips and Powell as new party defendants. The case proceeded to trial the next day without a written order being entered to add Phillips and Powell, without service of process upon the new defendants, and ostensibly without the new defendants being represented by counsel. Phillips and Powell posed no objections either to being added as parties or to proceeding with trial; they sat at the defendant's table without counsel and testified on behalf of the defendants. Their presence in court during the entire five-day trial is not contested. The case was tried before the jury on July 25-30, 1992; an order adding Phillips and Powell as defendants was reduced to writing and signed by the trial judge on July 14, 1992. This order was entered on July 30, 1992. *Held*:

1. (a) The grant of a motion to amend the complaint to add a party does not dispense with the requirement that such party be properly served with summons in the lawfully prescribed manner; this requirement remains though the added party has actual knowledge of the pending suit. *Gaskins v. A. B. C. Drug Co.*, 183 Ga. App. 518, 519 (1) (359 SE2d 364). Even as to added parties (*Stone Mtn. Aviation v. Rollins Leasing Corp.*, 174 Ga. App. 35, 36 (2) (329 SE2d 247)), a judgment is null and void where there is no valid service or waiver of service (*Estate of Thurman v. Dodaro*, 169 Ga. App. 531, 534 (1) (313 SE2d 722)). However, although Phillips and Powell were not required to file a responsive pleading (compare *Chan v. W-East Trading Corp.*, 199 Ga. App. 76 (403 SE2d 840) and *Diaz v. First Nat. Bank &c.*, 144 Ga. App. 582 (241 SE2d 467)) so as to necessitate timely raising the lack of personal jurisdiction (resulting from invalid or want of service) in the answer or by motion either before or at the time of pleading (see generally *Whitley v. Hsu*, 260 Ga. 539 (397 SE2d 694)), waiver will occur unless objection is made at the first practicable opportunity after the parties have been added. Additionally, entering a general appearance in a pending suit likewise will result in waiver of service, and "any act by which one consents to the jurisdiction of the court constitutes a waiver." *Bigley v. Lawrence*, 149 Ga. App. 249, 250 (253 SE2d 870). In this case, Phillips and Pow-

ell in essence entered a general appearance. They posed no timely objection either to being added or to proceeding to trial; they requested no continuance to obtain counsel; also in "apparent participation in the proceedings," they sat at the table of counsel for HAP Farms during trial and testified in behalf of the defendants. This conduct constitutes waiver. *Commercial Nat. Bank &c. v. Moore Ford Co.*, 121 Ga. App. 424 (174 SE2d 201).

(b) Contrary to appellants' contentions, joinder of the parties can occur after a jury has been selected; parties may be dropped or added by order of the court at any stage of the action and on such terms as are just. OCGA § 9-11-21. Further, Phillips and Powell, having failed to request continuance timely and having participated in the trial without objection, cannot now complain they were forced to trial under unjust terms.

(c) Appellants provide neither argument nor case authority in their brief to support the additional contention in their first enumeration of error that the trial court erred by proceeding to trial without any written order being entered to add Phillips and Powell; this issue is abandoned. Court of Appeals Rule 15 (c) (2). Moreover, as appellants' first enumeration contains more than one assertion of error in violation of OCGA § 5-6-40, we elect to address no other issues contained within this enumeration. *West v. Nodvin*, 196 Ga. App. 825, 830 (4c) (397 SE2d 567).

2. The record reflects that, although counsel for HAP Farms took exception to plaintiff's request to charge no. 27, no exception or objection was made by the individual defendants, Phillips and Powell. HAP Farms' attorney previously stated in his place on the record: "I represent HAP Farms in this matter," and appellants have asserted in their briefs that the case proceeded to trial "without the new defendants being represented by counsel." Thus, the charging exception taken by HAP Farms' counsel did not preserve any charging error on behalf of Phillips and Powell. As to them any charging error issues have been waived. OCGA § 5-5-24 (a); *Tahamtan v. Tahamtan*, 204 Ga. App. 680, 683 (6) (420 SE2d 363); *Nelson v. Miller*, 169 Ga. App. 403, 404 (312 SE2d 867).

The sales agreement was executed between Andrew Gary Heard, d/b/a Gary Heard Farms and HAP Tree Farms, Inc.; however, the parties acknowledge on appeal that the corporate seal of HAP Farms, Inc. was affixed to the agreement.

Reviewing the questioned charge in its totality (*Jordan v. Santa Fe Engineering*, 198 Ga. App. 600, 602 (2a) (402 SE2d 304)), we find that the legal principles are succinctly and correctly stated. Compare *Stone v. Allen*, 201 Ga. App. 842, 843 (1) (412 SE2d 605) with *Lanier Ins. Agency v. Citizens Bank &c.*, 168 Ga. App. 424, 425 (309 SE2d 419); *Hawkins v. Turner*, 166 Ga. App. 50, 51-52 (1) (303 SE2d 164)

and *Clonts v. Assoc. Distrib.*, 132 Ga. App. 558 (2) (208 SE2d 570). It is not error for the trial court to charge the law in relation to an issue when there exists any evidence, however slight, upon that particular point. *Stein Enterprises v. Chatham County*, 200 Ga. App. 385, 387 (4) (408 SE2d 173). There exists some evidence, direct or circumstantial, as to each point at issue in the questioned instruction. While there exists some evidence from which the jury could find Phillips and Powell revealed to appellee that their principal was HAP Farms, there also existed some evidence from which the jury could conclude that the identity of the principal was not revealed and that Phillips and Powell were conducting business in their individual capacity under the trade name of HAP Tree Farms. The evidence as to these issues was not so strong as to compel a finding as a matter of law; the issues properly were submitted to the jury (see *Hawkins*, supra at 52) under an adequate charge. See *Strickland v. State*, 198 Ga. App. 570, 571 (2) (402 SE2d 532).

*Pinson v. Hartsfield Intl. &c. Center*, 191 Ga. App. 459 (382 SE2d 136) is factually distinguishable from this case. In *Pinson* the corporate identity of the contracting party was clear although a misnomer was used in identifying the corporation (*Stone*, supra at 843); moreover, the misnomer occurred merely by dropping certain words from the corporate name but retaining the basic identity of the corporation as Pinson Air Freight. In this case a word was substituted, identifying the purchaser as HAP *Tree* Farms, Inc. (a specific type of farming entity). The effect of this discrepancy is not so clear, and presented issues for the jury.

Additionally, appellants concede in their brief that "the corporation at all times has admitted the contract and that it entered into the contract[;] there was no need to ratify what the corporation had in fact done." Assuming arguendo an error in the instruction (as to the corporation's liability based on the theory of ratification) occurred, in view of the posture of the evidence, such error would be harmless. OCGA § 9-11-61; see *Mattarochia v. State*, 200 Ga. App. 681, 685 (5e) (409 SE2d 546).

3. Appellants' assertion that the evidence was insufficient to support a judgment against them is without merit. An appellate court neither weighs the evidence nor determines witness credibility; rather, it determines evidence sufficiency. *Locke v. Vonalt*, 189 Ga. App. 783, 785 (1) (377 SE2d 696). "On appeal an appellate court is bound to construe the evidence in support of the verdict and judgment, and if there is some evidence to support the verdict we will uphold the judgment." Id. There exists some evidence to support the verdict and judgment in this case.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED JULY 13, 1993 —
RECONSIDERATION DENIED JULY 28, 1993 — ▮▮▮▮▮▮

*Allen, Kelley & Sowell, D. Lynn Kelley, Reinhardt, Whitley & Wilmot, Glenn Whitley*, for appellants.
*Rentz & Shepard, Ronald H. Rentz, Geer & Rentz, Peter Z. Geer*, for appellee.